WRIGHT ET AL. *v.* GALLE, ADMINISTRATOR OF ESTATE OF WIESEHAN, DECEASED.

[No. 18,547. Filed February 9, 1955. Rehearing denied March 11, 1955. Transfer denied April 20, 1955.]

*James T. McManaman,* of Lawrenceburg, and *Jack Glenn Williams,* of Cincinnati, Ohio, for appellants.

*Hartell F. Denmure,* of Aurora, and *Gerald H. Ewbank,* of Lawrenceburg, for appellee.

KELLEY, C. J.—This is an appeal from a judgment on a jury verdict in favor of appellee in an action on a promissory note.

The pleadings filed in the action by the respective

parties are not set forth in appellants' brief. The brief contains no Condensed Recital of the Evidence.

In the argument portion of their brief, appellants present what they term a "fair recital" of the evidence. However, if we treat this as an attempted condensed recital of the evidence, it fails to meet the requirements of Rule 2-17(d) for the evidence is not given in narrative form but, in the main, consists of appellants' interpretative conclusions of what the evidence discloses. The evidence of one witness is entirely omitted. The note sued upon and constituting the basis of the cause of action, is not incorporated in the brief, either in substance or by copy. Such presentation is not a compliance with the rules.

Under the Concise Statement of the Record, appellants set forth 26 alleged errors which they designate as "assignment of error"; appellants' motion for a new trial; affidavit in support of the new trial motion; the overruling of the motion for a new trial; and a protracted reference to and discussion of the 26 alleged errors.

The only assignment of error available to appellants is number 23 charging error in the overruling of appellants' motion for a new trial. The other alleged assignments of error comprise matters which cannot be independently assigned as error.

The new trial motion contains 14 specifications of alleged error. Specifications 1 to 4, inclusive, deal with asserted misconduct of counsel in the argument to the jury. We find no special bill of exceptions containing the argument of counsel objected to. The record shows the filing with the court by appellants of a "petition" for the allowance of a special bill of exceptions accompanied by what is termed the special bill of exceptions containing "excerpts of closing argu-

ment to jury by Hartell F. Denmure, Attorney for Plaintiffs." The court "after due consideration" found that said petition does not correctly set forth said "items or argument of counsel" and "that it is impossible for the court to correct said tendered special bill of exceptions" and the court "now denies defendants' petition for special bill of exceptions." There is no showing, nor do we find from the record, that appellants sought any mandate to compel the correction and signing of said special bill of exceptions by the trial judge. It follows that the matters referred to in said specifications 1 to 4, inclusive, are not in the record for our consideration.

Appellants seek to avoid the refusal of the judge to approve said special bill of exceptions by attaching to their motion for new trial an affidavit of one of their counsel containing reference to the asserted offensive argument of appellee's counsel. They then urge ·that under the provision of Rule 1-15 to the effect that "such affidavits shall be considered as evidence" without introduction on a new trial hearing and "shall be a part of the record without a bill of exceptions," the "misconduct is in the record and before this court anyway." With this we cannot agree since the affidavit consists of nothing but stated conclusions of the affiant and fails to set forth the objectionable argument of counsel, the appellants' objections thereto, and the ruling of the court thereon.

We note from the transcript and appellants' brief that the court sustained appellants' objections to the offensive argument of counsel and, in each instance, instructed the jury to disregard the statement of counsel. Appellants did not and have not in any way presented or preserved any contention that the asserted misconduct of counsel was of

such character and so prejudicial to them that the harm could not be eradicated by the instruction to disregard counsel's statement. Where the court has sustained opposing counsel's objection to alleged improper remarks and instructed the jury to disregard them, such alleged objectional statements will not be reviewed unless the complaining party requests or takes further prescribed and appropriate action deemed requisite for a fair and impartial trial. *Staser et al.* v. *Hogan et al.* (1889), 120 Ind. 207, 222, 21 N. E. 911; *Coleman* v. *State* (1887), 111 Ind. 563, 565-568, 13 N. E. 100; see 108 A. L. R. 756, Annotation, and cases cited.

Specifications 5 to 14, inclusive, each require reference to the evidence for proper consideration and determination thereof. As stated, appellants have failed to set forth the evidence in their brief. We are, therefore, deprived of the opportunity to determine the validity of the assertions of error made in said specifications.

We further observe, however, that without reference to the presence or absence of the evidence in appellants' brief, specifications 8 to 14, inclusive, present no question for consideration. Insofar as some of the instructions may be regarded as stating abstract propositions of law, they might be determined without the evidence. But whether the giving of them constitutes reversible error cannot be determined in the absence of the evidence.

No error having been shown, the judgment must be affirmed.

Judgment affirmed.

NOTE.—Reported in 124 N. E. 2d 212.