**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Johnny Lee POWELL,
Defendant-Appellant.**

No. 48238.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 30, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1984.

Application to Transfer Denied
Jan. 15, 1985.

David C. Hemenway, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant-appellant was jury-tried, convicted and sentenced to serve twelve years for robbery second degree, § 569.030, RSMo. 1978. The jury determined punishment.

Defendant testified and disputed the victim's testimony that he and another assaulted Joseph Beck and stole Beck's coat, wallet, watch, money, keys and cigarette lighter. Defendant admitted he was drunk and his companion took Beck's coat but denied any personal involvement in the taking. Three witnesses observed the event, one of whom testified that he saw the scuffle and heard Beck protest and plead that his personal property not be taken. Beck and the witnesses hailed passing police officers who chased and caught defendant and his companion. Defendant had in his possession the wallet, watch, keys, lighter and money. There was abundant evidence of guilt.

Defendant argues three points. He contends first, that the prosecutor's comments during voir dire concerning the state's burden of proof had the effect of compelling defendant to testify. Second, he contends

that the state's cross-examination question of defendant, "Did you tell the police when they arrested you that it was Everett Boyd who took the coat?", violated defendant's right to remain silent and invited the jury to convict him on the basis of post-arrest silence. Last, he maintains that the admission of two prior Indiana convictions for the purpose of impeaching the defendant was erroneous because they were not properly certified.

A defendant's right to remain silent is protected by the Fifth Amendment to the federal constitution, Article I, § 19 of the Missouri Constitution, § 546.270, RSMo. 1978 and Supreme Court Rule 27.-05(a). *State v. Gray*, 503 S.W.2d 457, 461–462 (Mo.App.1973). Collectively these statements of the law prohibit any direct reference on defendant's right to or failure to testify. *See State v. Barker*, 399 S.W.2d 1, 3 (Mo.1966). Our Supreme Court reversed and remanded in *State v. Lindsey*, 578 S.W.2d 903, 904 (Mo.banc 1979) when the prosecutor told the venire panel, "Mr. Lindsey doesn't have to go forward with any evidence if he doesn't wish to. He doesn't have to take the stand if he doesn't want to." Our Western District granted a new trial in *State v. Croka*, 646 S.W.2d 389, 390–391 (Mo.App.1983) when the prosecutor said in voir dire, "and I anticipate the defendant will testify." Here the facts are quite different as there was no direct reference to defendant and the right to not testify. The prosecutor alluded to the defendant's presumption of innocence; stated that the fact that defendant was charged was not evidence of guilt; noted that the state had the burden to prove its case and defendant had no burden to prove innocence by his evidence and asked if any venire person would "require the defense to put on a case." [1] Each comment correctly states the law and the testimony of defendant was never directly referred to or implied. Defendant was not denied a fair trial on this account. The court correctly overruled the objection and denied a mistrial. As mentioned in *Croka* the fact that defendant ultimately testified is immaterial

1. The prosecutor's statements during voir dire were as follows:

[Prosecutor]: ... There are certain legal concepts—legal precepts—that we abide by

because the effect of an improper statement on a jury is assessed at the time it is made. 646 S.W.2d at 391. The comments here were not improper when made so it cannot be said they coerced defendant into testifying.

We find no error in the state's cross-examination question of defendant relating to a post-arrest statement. Silence of an accused while under arrest is not admissible against him at trial because there is no duty to speak. *State v. Stuart*, 456 S.W.2d 19, 22 (Mo.banc 1970). Although the question invited error none occurred because the question remained unanswered due to a timely objection. Although defense trial counsel believed an answer had been given none appears in the record. The question itself was not evidence, *State v. Chamberlain*, 648 S.W.2d 238, 241 (Mo.App.1983), and the jury was so instructed by MAI–CR 2.02. Accordingly there was no evidence of either a post-ar-

under our system of laws, and a few of these I want to go over with you briefly.

As Mr. Powell sits here at the counsel table, he is shielded with, guarded by, the presumption of innocence. All of you who are sitting here at this moment should be presuming that he is innocent and that presumption maintains he is afforded that presumption up until the time that the twelve who are selected, in the jury room, after deliberations, unanimously decide otherwise; but, up until that moment, he is given this presumption of innocence.

Is there anybody here that has a problem with that or disagrees with that, thinks that you shouldn't have to be presuming him innocent at this point?

The expression "Where there is smoke, there is fire"? Obviously, he has been charged with a crime. He is here in court having to face trial. Does anybody have the feeling, "Well, because he is going to trial, he must have had something to do with it or he must be guilty of something somehow"? Okay.

And when I ask a question like that and I don't see any response, I assume everybody is saying, "No, I don't feel like that. I am giving him that presumption of innocence," and that is just as it should be.

The State of Missouri charges Johnny Powell, that's why this is the State of Missouri vs. Johnny Powell, that is the style of this case, because we charged him, we brought the charges.

It's our burden to prove what we've charged. We have to prove his guilt.

In any criminal case, the State has the burden of proving their allegations, proving the charge.

The defense does not have to prove anything. There's no requirement for the defendant to prove to you that he is innocent or to counteract by his evidence the evidence that I put on the stand.

Is there anybody that has a problem with that?

[DEFENSE ATTORNEY]: Your honor, I will object to that and ask to approach the bench.

(Counsel approached the bench and the following proceedings were had out of the hearing of the jury:)

[DEFENSE ATTORNEY]: Your Honor, I am going to object at this time to the question asked by Mr. Randall on the basis that the comment on the defendant's right not to present any evidence, right to remain silent, it is a violation of his rights under the Fifth Amendment, as well as Article XV of the Missouri State Constitution, for the reason that by asking that question in front of the jury panel, it is indicating to them that we have to present evidence or we have a right to present evidence, and I object to it for that reason—the defendant's evidence—we do not have to do that and he is trying to force us into presenting evidence.

I object to it for that reason.

THE COURT: Mr. Randall?

[DEFENSE ATTORNEY]: I ask that a mistrial be declared and the jury panel be discharged.

[PROSECUTOR]: I think that the jury may have presumed from my question that defense has a right to put on evidence. I think they all understood that in advance of coming in here.

My comments and my question, when I used the pronoun "him," I was referring to Mr. Lane and I was using the word "defense" in general. I didn't say "the defendant."

I don't see anything improper or misleading about those comments.

THE COURT: The objection is overruled.

(The proceedings returned to open court.)

THE COURT: You may proceed, Mr. Randall.

[PROSECUTOR]: Is there anybody here who feels that that is wrong and the defense should have some burden of coming forward with some evidence to counteract or contradict the evidence that I put on?

[DEFENSE ATTORNEY]: Your Honor, same objection; same reasons.

THE COURT: Overruled.

. . . .

rest statement or post-arrest silence and defendant's rights were not violated. We recognize the danger in this question as it relates to other trials and note that it should not be asked.

Finally, appellant argues that evidence of out of state prior convictions allegedly concerning him, although under a different name, should not have been admitted into evidence because they were not properly authenticated. During oral arguments the attorneys for both sides agreed that even if the admission was improper it was not reversible error. Our Supreme Court upheld the admission of similar records in *State v. Brown*, 476 S.W.2d 519 (Mo.1972) because of a presumption of regularity and genuineness of the writing. Here the records were admitted solely for the purpose of impeaching the defendant. He was given the opportunity in redirect to cure any damage to defendant's credibility these records may have caused.

 Finding no error in the trial court judgment, we affirm.

PUDLOWSKI, P.J., and GAERTNER, J., concur.