**STATE of Missouri, Respondent,**

v.

**Raymond Bruce CROW, Appellant.**

No. 51042.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 17, 1987.

Motion for Rehearing and/or Transfer
Denied March 25, 1987.

Application to Transfer Denied
May 19, 1987.

Jeffrey A. Robertson, Lia M. Nower, St. Charles, for appellant.

William L. Webster, Atty. Gen., Kurt A. Hentz, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from convictions for Robbery First Degree, RSMo 569.020 (1978), and Armed Criminal Action, RSMo 571.015 (1978), for which he was sentenced, as a persistent offender, to two concurrent life sentences. We reverse.

On appeal defendant asserts the trial court erred in allowing the State to comment on defendant's pre- and post-arrest silence. The issue arises in the context of the defendant taking the stand during trial and offering exculpatory testimony contradicting the State's evidence. This testimony represented the first time defendant related his version of the events that preceded his arrest. The State highlighted this fact when the prosecutor asked defendant if he told the arresting officers his story either prior to or after arrest; asked the officers if defendant had related his story to them; and commented during closing argument about defendant's failure to mention his story prior to trial.

Only a brief recital of the facts is necessary. Defendant was hitchhiking east on I-70 heading towards St. Louis from a point east of Kansas City; defendant was picked up by complainant; complainant and defendant drove together without incident for several hours; defendant exited complainant's automobile in the vicinity of Warrenton, Missouri; when defendant left complainant he had between $20 and $28 of complainant's money; complainant retained, in his wallet, $20 and his credit cards; complainant reported a theft to a State Highway Patrol Officer; several hours later defendant was stopped by a Highway Patrol Officer at a truck stop in Foristell, Missouri; complainant came to the truck stop and identified defendant; and defendant was arrested and given his Miranda rights. Complainant reported he had been robbed at knifepoint by defendant. Defendant, however, testified at trial, that complainant paid him $20 for sexual favors; and that after completing the transaction he, defendant, was revolted by what had occurred so he threatened to call the police and demanded to be let out of the car.

Prior to trial, the only statements defendant made were responses to routine requests for his name, address and occupation, and a statement made while being fingerprinted. According to the testimony of the officer who fingerprinted him, defendant said "he was on his way to Jeff City now ... [and] it would be for nothing." Defendant does not dispute that while in custody he made the statement.

■ Defendant asserts correctly he had the right to remain silent, and it is not permissible for the State to comment on exercise of that right. *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); and *State v. Powell*, 682 S.W.2d 112, 114 [5] (Mo.App.1984). If, however, the defendant answers questions or makes a statement while in custody, the right to remain silent and not have the State comment on that silence is waived as to the subject matter of those statements. *Anderson v. Charles*, 447 U.S. 404, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980); and *State v. Lindsay*, 709 S.W.2d 499, 509 [9] (Mo.App.1986).

The State argues in its brief that, defendant's responses to questions concerning his name, address and occupation and his statement about going to Jefferson City show he "did not exercise his right to remain silent ... but instead volunteered information to the patrolmen [thus] the prosecutor properly questioned and commented on appellant's failure to make certain statements after his arrest." In support of this thesis the State relies upon *Anderson v.*

*Charles,* 447 U.S. 404, 100 S.Ct. 2180, 65 L.Ed.2d 222; *State v. Frentzel,* 717 S.W.2d 862 (Mo.App.1986); *State v. Lindsay,* 709 S.W.2d 499; *State v. Van Doren,* 657 S.W.2d 708 (Mo.App.1983); *State v. Gilreath,* 643 S.W.2d 274 (Mo.App.1982); and *State v. Harper,* 637 S.W.2d 342 (Mo.App. 1982), all of which are readily distinguishable from the case before us. In fact, this case fits squarely into the mold established by *Doyle.*

In *Anderson* the Supreme Court held a defendant does not remain silent as to the subject matter of statements he makes, and *"Doyle* does not apply to cross-examination that merely inquires into prior inconsistent statements." 447 U.S. at 409, 100 S.Ct. at 2182. Thus where the defendant, as in *Anderson,* gave one explanation for his possession of a stolen vehicle to the police prior to trial and testified differently during trial, the State was permitted to ask defendant why he didn't tell the story he told at trial to the police. *Id.* at 406–07, 100 S.Ct. at 2181. In *Frentzel* the defendant responded to police questions about several items in his automobile but refused to speak about some tools that were also in his car, and the prosecutor commented on this refusal during his opening statement. 717 S.W.2d at 866. The defendant objected and asked for a mistrial, the objection was sustained but the mistrial was denied. In affirming, the southern district, in dicta, stated, "[b]y answering the officers' questions, defendant elected not to remain silent. Therefore, his silence ... [was] a fair subject of comment by the prosecutor." *Id.* at 866. Similarly, in *Lindsay,* the defendant's objection to the question "this is the first time you've told anyone ..." was sustained although both the new testimony and post-arrest statements concerned the same subject matter. 709 S.W.2d at 509. In *Van Doren* where the defendant repeated on the stand essentially the same story he told the police at the time of his arrest, and the defendant tried to impeach the police officer as to these discrepancies, the court found it permissible for the State to comment on the lack of a written statement. 657 S.W.2d at 715–16. In *Gilreath* the prosecutor in his opening statement told the jury the defendant at first denied the existence of an injury and only when the police took a picture of it did he give an explanation, but he still refused to make a written statement. The court sustained an objection to the opening statement but refused to grant a mistrial. This ruling was upheld on appeal because defendant did not demonstrate any prejudice and the prosecutor's remarks did not highlight the lack of an early exculpatory statement. 643 S.W.2d at 276–278. In the last case relied on by the State, *Harper,* where there was unsolicited trial testimony from the police that "they did not want to talk to us," defendant's objection to the officer's testimony was sustained, and defendant made pre-trial exculpatory statements about his purpose for being at the site of a burglary and the ownership of stolen money, the Western District affirmed the denial of defendant's motion for a mistrial. 637 S.W.2d at 345.

In contrast to the cases cited by the State, the prosecutor made numerous, pointed references to the lack of a pre-trial exculpatory statement, defendant's specific objections were all overruled, and most importantly defendant's statements consisted only of booking information and an indefinite expression referring, if to anything, to his possible conviction, not to the specifics of the alleged criminal act.

In *Doyle,* "What's this all about?," 426 U.S. at 615 n. 5, 96 S.Ct. at 2243 n. 5, "You got to be crazy," and "I don't know what you are talking about," *Id.* at 623–24 n. 4, 96 S.Ct. at 2247 n. 4 (Stevens, J., dissenting), were insufficient to allow the State to comment on defendant's silence. I'm on my "way to Jeff City now ... and it would be for nothing," is like the statements in *Doyle,* not like the statements in the cases relied on by the State, and is not a waiver of defendant's right to remain silent. This is especially true where the trooper testifying to defendant's statement was unsure of the exact statement and gave a different version during pre-trial hearings on motions.

■ Similarly, defendant did not waive any of his rights when he responded to the trooper's questions about his name, address and occupation. Were we to hold, as the State urges us to, that by giving a law enforcement officer his name a defendant has waived his right to silence, defendants would refuse to cooperate in booking and other administrative law enforcement activities.

■ To waive his right to not have the State comment on the exercise of his right to silence, a defendant must make a statement obviously related to something, and then the waiver is only as to the subject matter of that statement. *See Anderson v. Charles,* 447 U.S. at 408, 100 S.Ct. at 2182. Defendant's statement about Jefferson City was too vague to be a waiver and the statement of his name, address and occupation did not concern the subject matter of his exculpatory statement.

Judgment reversed and remanded.

SATZ, P.J., and KELLY, J., concur.