**STATE of Missouri, Plaintiff–Respondent,**

v.

**John A. YOUNG, Defendant–Appellant.**

No. 54805.

Missouri Court of Appeals, Eastern District, Division One.

March 28, 1989.

Lawrence O. Willbrand, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, John A. Young, was convicted, after a jury trial, of possession of a controlled substance; to wit, lysergic acid diethylamide (LSD). Section 195.020, RSMo (1986). He was sentenced as a prior offender to 20 years' imprisonment. We affirm.

Defendant does not challenge the sufficiency of the evidence. Viewed in the light most favorable to the verdict, the evidence established that, during a police stop of defendant for driving without a muffler, LSD was found in defendant's automobile. Defendant testified at trial and denied knowledge of the illegal drugs in his automobile.

Defendant's sole point on appeal is that the trial court erred in overruling his objection to the State's opening statement in which the prosecutor stated, "[A]t no time did the defendant make any statements denying ownership or possession of any of the seized illegal drugs or substances to the officer who stopped him." Defendant contends that this statement was an impermissible comment on his constitutional right to remain silent.

It is clear that a defendant has the right to remain silent and that it is not permissible for the State to comment on a defendant's exercise of that right. *State v.*

*Crow,* 728 S.W.2d 229, 230 (Mo.App.1987). If a defendant, however, answers questions or makes statements after he has been taken into custody and advised of his *Miranda* rights, the right to remain silent and not have the State comment on that silence is waived as to the subject matter of those statements. *State v. Klaus,* 730 S.W.2d 571, 579 (Mo.App.1987).

In this case, after defendant was taken into custody and advised of his *Miranda* rights, he did not remain silent. Instead, he made a statement that the white powder which was found in a plastic bag in his automobile was a "speed drug" and that the green material which was also found in his car was "pot." Defendant, therefore, waived his right to silence and made inculpatory statements which admitted his knowledge of the controlled substances in his car. The prosecutor was merely commenting upon defendant's statement. Defendant's point on appeal is denied.

The judgment is affirmed.

DOWD and CRIST, JJ., concur.