

# Missouri Court of Appeals

### Southern District

### In Division

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | No. SD37664 |
| vs. | ) | |
| | ) | FILED: September 6, 2023 |
| JOHN WILLIS HOUGH, | ) | |
| | ) | |
| Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

### Honorable Thomas E. Mountjoy, Judge

### **AFFIRMED**

John Hough ("Defendant") was convicted, following a jury trial, of two counts of first-degree statutory sodomy involving a person less than 14 years of age ("Victim"). *See* section 566.062, RSMo Cum. Supp. (2017). On appeal, Defendant requests plain error review, *see* Rule 30.20,[1] of an improper comment by the prosecutor during closing argument regarding Defendant's post-arrest failure to volunteer an exculpatory statement. Because Defendant fails to facially establish substantial grounds for believing a manifest injustice or miscarriage of justice occurred, we decline plain error review and affirm the judgment.

---

[1] All rule references are to Missouri Court Rules (2022).

## Factual and Procedural Background

Defendant does not challenge the sufficiency of the evidence to support his convictions. Those convictions arise out of events occurring (1) between September 1, 2019, and December 21, 2019, and (2) on February 8, 2020. Before and during these timeframes, Defendant was in a relationship with Victim's mother. On February 8, 2020, Victim's mother came home from an errand and discovered that Defendant had been engaging in sexual conduct with Victim, who was then eleven years old. Victim's mother called the police, and Defendant was arrested.

At the police station, Detective Joseph Fletcher read Defendant his *Miranda*[2] rights, and Defendant affirmatively agreed to answer some questions. But throughout the interrogation, Defendant refused to answer any of Detective Fletcher's questions regarding his past and present relationship with Victim, whether he had engaged in sexual conduct with Victim or anyone under the age of eighteen, and what he was doing when Victim's mother came home earlier that same day. Whenever Detective Fletcher tried to ask questions touching on such subjects, Defendant consistently declined to answer, stating "I don't want to answer that question," "I have no comment," or "I will not confirm or deny that." At trial, Detective Fletcher testified as one of the State's witnesses, and a recording of Defendant's interrogation was admitted into evidence and played for the jury.

Defendant testified in his defense and specifically denied the allegations against him. During closing argument, and without objection, the prosecutor referenced Defendant's post-arrest silence in an attempt to impeach his testimony. In his brief, Defendant identifies only the following portion of the prosecutor's argument as objectionable:

> An innocent person would have said, "This is a misunderstanding. I don't know why I'm here." First thing someone in his position should have said, "I don't know what's going on." He never said that, never said he was confused,

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

never said he was out of it or high. He never says that he didn't do it. He never says "No." If a person accuses an innocent person of literally the most heinous crimes against children, you would say "No."

Ultimately, Defendant was found guilty and convicted of two counts of first-degree statutory sodomy and was sentenced to two twenty-year consecutive terms of imprisonment. Defendant timely appeals. Conceding his claim was not preserved for appellate review, Defendant contends the circuit court "plainly erred in permitting" the prosecutor to make the quoted closing argument because that argument violated Defendant's constitutional rights to due process and against self-incrimination.

## Discussion

A defendant has a constitutional privilege against self-incrimination, which is safeguarded by the mandatory procedures set out by the United States Supreme Court in *Miranda*. *State v. Brooks*, 304 S.W.3d 130, 133 (Mo. banc 2010). The United States Supreme Court has held that a defendant's post-*Miranda* silence cannot be used to impeach the defendant. *Id.* (citing *Doyle v. Ohio*, 426 U.S. 610, 619 (1976)). The *Doyle* holding "rests on the view that it is fundamentally unfair to implicitly assure a person his silence will not be used against him and then breach that promise by using that silence against him." *Id.*

The State proposes in its brief that Defendant waived his right to remain silent by answering certain interrogation questions and, therefore, the prosecutor was free to comment on instances when Defendant was "selectively" silent. We disagree. "To waive his right to not have the State comment on the exercise of his right to silence, a defendant must make a statement obviously related to something, and then the waiver *is only as to the subject matter of that statement*." *State v. Crow*, 728 S.W.2d 229, 232 (Mo.App. 1987) (emphasis added) (citing *Anderson v. Charles*, 447 U.S. 404, 408 (1980)); *see also Brooks*, 304 S.W.3d at 134 (citing *Crow* for same proposition) and *State v. Weicht*, 835 S.W.2d 485, 488 (Mo.App. 1992) (holding

3

that a defendant did not waive his right to not have the State comment on his failure to provide an exculpatory statement when, even though he made post-arrest statements to police, the defendant's statements did not address the charges against him).  Here, while Defendant answered several interrogation questions, Defendant affirmatively refused to address the specifics of the accusations against him.  Thus, any waiver by Defendant of his right to remain silent did not, as the State argues, extend to his failure to provide an exculpatory statement to police as to said accusations.

Nevertheless, when unpreserved, even constitutional claims of error are subject to the plain error review framework under Rule 30.20.  *State v. Brandolese*, 601 S.W.3d 519, 529 (Mo. banc 2020).  "This two-pronged analysis first requires us to determine whether Defendant's claim 'establishes facially substantial grounds for believing that the trial court's error was evident, obvious, and clear and that manifest injustice or miscarriage of justice has resulted.'" *State v. Harris*, 535 S.W.3d 769, 774 (Mo.App. 2017) (quoting *State v. Jones*, 427 S.W.3d 191, 195 (Mo. banc 2014)).  "Only if Defendant makes this facial showing will this Court proceed to determine whether manifest injustice or a miscarriage of justice actually occurred." *Id.* (citing *State v. Baumruk*, 280 S.W.3d 600, 607 (Mo. banc 2009)).

Defendant fails to adhere to this mandatory framework.  Defendant's plain error argument is completely reliant on two cases, *State v. Zindel*, 918 S.W.2d 239 (Mo. banc 1996), and *State v. Flynn*, 875 S.W.2d 931 (Mo.App. 1994), for the tacit proposition that an improper reference to a defendant's post-arrest silence is *de jure* plain error, regardless of context.  Neither case stands for such a proposition.  While *Zindel* notes "[t]here is ample authority that improper use of post-*Miranda* silence *may* constitute manifest injustice and therefore, plain error[,]" it also cautions that "[m]anifest injustice is dependent upon *the facts and circumstances of the*

4

*particular case.*" 918 S.W.2d at 241 (emphasis added). In ***Zindel***, there were *multiple* improper references to a defendant's post-arrest silence throughout the trial, including during the State's opening statement, during the State's direct examination of two police officers, during the State's cross-examination of a defense expert witness, and during the State's closing argument. ***Id.*** at 241-43. While the ***Flynn*** case involved fewer such improper references, the references challenged were nevertheless found in both the State's direct examination of a police officer *and* the State's closing argument. 875 S.W.2d at 933-34.

Here, Defendant's challenge involves only a brief comment during closing argument. Defendant makes no argument as to how or why this brief, isolated comment—in a trial where eight witnesses testified, over twenty exhibits were admitted into evidence, and which yielded a 570-page transcript—establishes facially substantial grounds for believing a manifest injustice occurred. Because Defendant's claim fails this burden, we decline to grant plain error review.[3]

### Decision

The circuit court's judgment is affirmed.

BECKY J.W. BORTHWICK, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, J. – CONCURS

GINGER K. GOOCH, J. – CONCURS

---

[3] Even under a plain error analysis, "[a] court should rarely grant relief on assertions of plain error as to closing argument." ***State v. Clemmons***, 753 S.W.2d 901, 907 (Mo. banc 1988). "This is because, in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." ***Id.*** at 907-08.