Coleman v. The State.

No. 13,898.

## COLEMAN v. THE STATE.

CRIMINAL LAW.—*Misconduct of Prosecuting Attorney.*—*Opening Statement.*—*Testimony of Defendant.*—*Waiver of Error.*—Where a prosecuting attorney in his opening statement to the jury uses the following language: "You should watch the evidence closely. We do not know that the defendant will go upon the stand. He has not been sworn; I noticed that. If he should go upon the stand you should watch —," he thereby palpably violates the spirit and purpose of the statute governing the testimony of defendants in criminal cases; but where the court sustains an objection to the use of such language, and the same is withdrawn from the jury, the error is not available if the defendant proceeds to the end of the trial without further objection.

SAME.—*Practice.*—*Error Waived.*—A defendant in a criminal case, who has knowledge of the misconduct or incompetency of a juror, or other matter, not affecting the jurisdiction of the court, which would vitiate the trial, yet proceeds with the trial to its conclusion, without objection, will not be heard afterwards to object that the proceeding was vitiated thereby.

SAME.—*Prosecuting Attorney.*—*Misconduct of.*—*Practice.*—*Motion to Set Aside Submission.*—Where the prosecuting attorney, in his opening statement, is guilty of misconduct prejudicial to the substantial rights of the defendant, the latter, in order to avail himself of the error, must move to set aside the submission and discharge the jury.

SAME.—*Assault with Intent to Commit Rape.*—*Witness.*—*Absence of Prosecutrix.*—*Instruction.*—In a prosecution for assault with intent to commit rape, where the testimony of the prosecutrix is accessible to both parties, it is not error for the court to refuse to instruct the jury that her failure to appear at the trial, and the failure of the State to account for her absence, were circumstances proper to be considered by them as tending to show that no crime had been committed.

SAME.—*Reasonable Doubt.*—*Instruction.*—In the trial of a criminal cause, where the jury has been instructed that before they can return a verdict of guilty they must find from the evidence, and be convinced of the defendant's guilt beyond a reasonable doubt, it is not error to refuse an offered instruction "that it is better that ten guilty persons escape than that one innocent suffer."

From the Jasper Circuit Court.

*E. P. Hammond, M. F. Chilcote* and *W. B. Austin,* for appellant.

*L. T. Michener,* Attorney General, *R. W. Marshall,* Prosecuting Attorney, and *J. H. Gillett,* for the State.

MITCHELL, J.—Coleman was tried in the Jasper Circuit Court and sentenced to two years imprisonment for having feloniously assaulted one Ida Ream, with intent to commit a rape upon her person.

The error assigned brings before us the propriety of the ruling of the court in overruling the appellant's motion for a new trial.

As the learned counsel for the appellant suggest, the case is somewhat peculiar, in that the person upon whom the injury is alleged to have been committed does not appear to have been examined as a witness. It is, however, beyond successful dispute that the verdict is well supported by other competent evidence. It may be inferred from the record that the State sought, without success, to obtain a continuance on account of the absence of the prosecutrix.

That the appellant without right invaded the room in which the prosecutrix was pursuing her work, as chambermaid, and that he made an indecent proposal to, and perpetrated an unlawful assault upon her, is scarcely denied. There was testimony to the effect that he was seen violently struggling with the girl, thrusting one hand under her garments, the other arm about her neck, while with his hand he tried to cover her mouth, so as to prevent her from making outcry. Her resistance and outcries attracted the attention of others, one of whom witnessed the parties in the struggle, and whose presence, when observed, caused the appellant to desist. The girl left the room crying. That the appellant's purposes in intruding into the room were lecherous is not denied, and it is not at all surprising that the jury refused to adopt the theory that what he did was merely with a view to persuade the prosecutrix to yield to his lustful passion.

There was an unlawful assault upon the prosecutrix, who resisted from the beginning and made outcry. The jury drew the inference, as well they might from the evidence, that the assault was made with the felonious intent to have

carnal knowledge of the girl by force and against her will, if it became necessary to the accomplishment of his purpose that force should be employed. We can not disturb the finding on the evidence.

It appears from a bill of exceptions, that in making the opening statement of the case the prosecutor used the following language in addressing the jury: "You should watch the evidence closely. We do not know that the defendant will go upon the stand. He has not been sworn; I noticed that. If he should go upon the stand you should watch—." At this point counsel for the defendant objected and excepted to the statement so made.

The court sustained the objection, whereupon the prosecutor said: "Very well; under the ruling of the court, I will suspend further remarks on that subject, and I withdraw the statement from the jury."

The bill of exceptions also recites, and the record shows, that the defendant subsequently testified as a witness in his own behalf.

For the appellant it is contended, with much force and plausibility, that in using the language above set out the prosecutor was guilty of such misconduct as constituted incurable error, which was not waived, notwithstanding the defendant proceeded to the end of the trial without further objection, and without exception to any adverse decision of the court involving the alleged misconduct of the prosecuting attorney.

Section 1798, R. S. 1881, provides, among other things, that a defendant in a criminal case shall be a competent witness, and that if he "do not testify, his failure to do so shall not be commented upon or referred to in the argument of the cause, nor commented upon, referred to, or in any manner considered by the jury trying the same;" and it is made the duty of the court "in such case in its charge, to instruct the jury as to their duty under the provisions of this section."

Much has been, and much more might be, said concerning

the policy of statutes under which defendants in criminal cases are admitted to testify as witnesses. Upon that subject, however, it is not necessary that we should enlarge. The objectionable remarks of the prosecuting attorney, although made in his opening statement to the jury, and, therefore, not directly controlled by the rulings in *Long* v. *State*, 56 Ind. 182 (26 Am. R. 19), and *Showalter* v. *State*, 84 Ind. 562, and although not within the literal prohibition of the statute, were, nevertheless, in palpable violation of its spirit and purpose. Surely, if the failure of the defendant to testify is not to be a subject of comment, or may not be referred to in the argument of the cause, nor commented upon, or referred to or considered by the jury, the prosecutor may not evade the statute by ingeniously injecting into his opening statement remarks which do all the mischief which the prohibitory part of the statute was intended to prevent. The effect of the remarks must have been either to coerce the defendant to testify, as has been said, " with a halter about his neck," or to induce him to remain silent, with knowledge that the jury had been challenged in the outset to observe whether or not he would go upon the stand, under the goad of the prosecutor's statement.

But, conceding the impropriety of the prosecutor's conduct, since in this case the court promptly sustained the appellant's objection, and such reparation as could be was made on the spot, the court denying nothing which the appellant asked in that connection, the question still remains : Did the conduct of the prosecutor constitute an error so radical and incurable that it was not, and could not be, waived by the defendant by proceeding, without further objection or motion, to an adverse ending of the trial?

To affirm this proposition would put it in the power of a defendant to compel a second trial, at his election, whenever a prosecutor at any stage, either by inadvertence or otherwise, violated the spirit of the statute under consideration. This, too, notwithstanding the trial court may have done its

utmost to rectify the mistake, and may have made no ruling or decision in that connection adverse to the defendant, or to which he took any exception. It seems difficult to discover any principle which would allow a defendant, in case of misconduct on the part of any one which would necessitate a new trial, to proceed without objection to the end of a protracted trial, availing himself of every opportunity to secure a favorable result, after becoming fully aware of such misconduct, and yet hold in reserve an absolute right to have the verdict set aside in case it did not suit him.

The authorities uniformly declare the rule to be that, except as to matters involving the jurisdiction of the court over the subject-matter, if a party have knowledge of a matter which will frustrate the trial in the end, he must avail himself of the earliest opportunity to arrest the proceeding or he will be deemed to have waived his right to object when the end is reached. He will not be permitted to go on without objection, taking his chances of ultimate success, and afterwards go back and impeach the trial in case he is disappointed at the result.

Misconduct on the part of the prosecutor is not different in principle or effect from misconduct on the part of a juror or other person connected with the trial. It is a settled rule, that a person having knowledge of the misconduct or incompetency of a juror, or of any other matter, not affecting the jurisdiction of the court, which would vitiate the trial, who nevertheless proceeds to a conclusion without objection, will not afterwards be heard to object that the trial was vitiated thereby.

This subject was exhaustively considered and the authorities reviewed in the recent case of *Henning* v. *State*, 106 Ind. 386 (55 Am. R. 756).

In the case under consideration the objectionable remarks of the prosecutor were made immediately after the jury were empanelled, at the very outset of the trial.

If the court had, of its own motion, set aside the submis-

sion and discharged the jury without the appellant's consent, jeopardy having attached, it might well have been claimed that he was entitled to an acquittal.

To have made available error, the trial court should have been afforded an opportunity to eliminate the error, by ruling upon a motion to arrest the further progress of the case. True, there was an objection and an exception to the statement of the prosecutor, but the court sustained the objection, and under its ruling the objectionable statement was withdrawn. There was, therefore, no ruling or decision of the court to which an exception was or could have been saved. Section 1845, R. S. 1881.

Our conclusion, therefore, is that, in the absence of a motion by the defendant to set aside the submission and discharge the jury, there was no available error in refusing the motion for a new trial on account of the alleged misconduct of the prosecuting attorney in making his opening statement.

The refusal of the court to instruct the jury to the effect that the failure of the prosecutrix to appear at the trial, and the failure of the State to account for her absence, were circumstances proper to be considered by the jury, as tending to show that no crime had been committed, is complained of as reversible error.

Section 1823, R. S. 1881, makes it the duty of the court in charging the jury to " state to them all matters of law which are necessary for their information in giving their verdict."

The instruction refused can hardly be said to embrace any matter or proposition of law. It tended rather to invite the jury to infer as a matter of fact that the absence of the witness, unaccounted for by the State, although from aught that appears she was equally accessible to the defendant, was to be or might be considered as a circumstance tending to raise a presumption of innocence. It is always of doubtful propriety for the court to instruct the jury in such a way as to

cause them to conclude that from the absence of certain evidence or facts they may infer certain other facts. *Union Mut. Life Ins. Co.* v. *Buchanan*, 100 Ind. 63.

This pertains rather to the argument of the cause than to a statement of the law of the case. Besides, as was said in *Haymond* v. *Saucer*, 84 Ind. 3 (13), "The failure to produce a witness, who might as well be called by one party as the other, is no reason for indulging a presumption against either party."

Where one party alone is so situated that he can offer evidence of all the facts and circumstances surrounding a transaction, the failure to produce such evidence, where it is not accessible to the other party, or the suppression or destruction of evidence which is accessible to one party and not to the other, may sometimes be considered as a circumstance against the party to whom alone the evidence is accessible. *Commonwealth* v. *Webster*, 5 Cush. 295.

But this rule, which is to be cautiously applied in any case, has no application where the evidence is equally within the reach of both parties. *State* v. *Rosier*, 55 Iowa, 517. There was no error in refusing the instruction.

The court having adequately instructed the jury that before they could return a verdict of guilty they must find from the evidence, and be convinced of the defendant's guilt beyond a reasonable doubt, it was not error to refuse the defendant's request to instruct that it was better that "ten guilty persons escape than that one innocent suffer."

So far as the other instructions refused stated the law correctly, they were substantially embraced in those given by the court.

There was no available error. The judgment is affirmed, with costs.

Filed Sept. 27, 1887.