STATE of Missouri, Respondent,

v.

Jack LINDSEY, Appellant.

No. 60816.

Supreme Court of Missouri,
En Banc.

Feb. 13, 1979.

Respondent's Motion for Rehearing
Denied April 10, 1979.

James J. Knappenberger, Shaw, Howlett & Schwartz, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Katherine M. Krause, Asst. Attys. Gen., Jefferson City, for respondent.

DONNELLY, Judge.

Appellant, Jack Lindsey, was convicted in the Circuit Court of St. Charles County, Missouri, of selling a controlled substance (§ 195.020, RSMo 1969), and his punishment was assessed at imprisonment for a term of twenty years. Following rendition of judgment and imposition of sentence, an appeal was perfected to the Eastern District of the Court of Appeals. The case was transferred to this Court, after opinion, by order of this Court. We decide the case here the same as on original appeal. Mo.Const. Art. V, § 10.

At trial, the following transpired on voir dire of the jury by the Assistant Prosecuting Attorney:

"MR. FANNING: What we mean by this is that the presumption of innocence—if you had to go back now and return a verdict without hearing evidence at all you would have to return a verdict of not guilty because as the client of Mr. Schwartz he is presumed to be innocent. That is what we mean by that. The State must go forward with evidence. The second principle is the burden of proof. The burden of proof is on the State who I represent in this case and we must go forward with the evidence. *Mr. Lindsey doesn't have to go forward with any evidence if he doesn't wish to. He doesn't have to take the stand if he doesn't want to—*

"MR. SCHWARTZ: I object to the statement of counsel. May we approach the bench?

"THE COURT: The objection is sustained.

"MR. SCHWARTZ: May we approach the bench?

"(Counsel approached the bench and the following proceedings were had:)

"MR. SCHWARTZ: Judge, I move for a mistrial at this time on the statement of the Prosecuting Attorney in this case as to what the man's rights are. I believe it is a misstatement of his rights and a direct comment on his right to testify or not to testify in this case. I think it is so prejudicial and suggests to the jury that the defendant has a duty to do something even though he may not do it where he is sitting or on the witness stand. It is a direct infringement of his constitutional right to remain silent and a direct comment on that right." (Emphasis ours.)

Appellant's request for mistrial was considered by the court and denied. Appellant subsequently took the stand and testified.

■ Article I, § 19 of the Missouri Constitution provides, in part, "That no person shall be compelled to testify against himself in a criminal cause, . . ." This language prohibits not only comments on the failure of a defendant to testify (see § 546.270, RSMo 1969, and *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1964)), but also comments which have the effect of compelling a defendant to testify. The use of language which has either effect must be condemned. "The effect of the remarks must have been either to coerce the defendant to testify, as has been said, 'with a halter about his neck,' or to induce him to remain silent, with knowledge that the jury had been challenged in the outset to observe whether or not he would go upon the stand under the goad of the prosecutor's statement." *Coleman v. State*, 111 Ind. 563, 13 N.E. 100, 101 (1887).

■ We believe and hold that the italicized language used by the Assistant Prosecuting Attorney was of such character that the jury would naturally and necessarily be influenced so as to deny appellant a fair trial. Conduct which naturally and necessarily has the effect of denying an accused a fair trial can never be harmless.

The judgment is reversed and the case is remanded for new trial.

MORGAN, C. J., and BARDGETT and SEILER, JJ., concur.

FINCH, Senior Judge, dissents in separate dissenting opinion filed.

RENDLEN, J., and WELBORN, Special Judge, dissent and concur in separate dissenting opinion of FINCH, Senior Judge.

SIMEONE, J., not sitting.

WELLIVER, J., not participating because not a member of the Court when cause was submitted.

FINCH, Senior Judge, dissenting.

I respectfully dissent.

The statement of the assistant prosecuting attorney during voir dire of the jury clearly shows that he was telling the jury that the defendant is presumed to be innocent and that the burden of proof to establish guilt is on the State. What he said about defendant not having to go forward with any evidence or take the stand was a part of that statement explaining that defendant is presumed to be innocent and must be proved by the State to be guilty.

I cannot agree with the conclusion in the principal opinion that the statement "was of such character that the jury would naturally and necessarily be influenced so as to deny appellant a fair trial." This was not a comment that defendant had failed to take the stand and refute the State's evidence. This was on voir dire and no evidence had been heard. The remarks also did not have the effect of compelling defendant to testify. The remarks did not challenge the jury to observe whether defendant would go on the stand and testify. The remarks had no such implication or tenor.

I do not mean to suggest that it is advisable or desirable for prosecutors to make statements such as the ones here in ques-

tion. What has occurred shows how foolish it is to risk reversal of a conviction on the basis of any kind of a reference to defendant not being obligated to take the stand. However, having said that, I still would not reverse this conviction. In my view the statements were not harmful or misleading and do not justify reversal of this conviction.