STATE of Missouri,
Plaintiff-Respondent,

v.

Ed Roy HARRIS, Defendant-Appellant.

No. 42387.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 6, 1982.

John Ashcroft, Atty. Gen., Brian P. Seltzer, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Elbert A. Walton, Jr., St. Louis, for defendant-appellant.

SIMON, Judge.

Ed Roy Harris (Defendant) appeals from a conviction of Stealing by Failing to Return Rental Property, § 560.168, RSMo Supp. 1975. Defendant was found guilty by a jury in the Circuit Court of the City of St. Louis and sentenced to two years imprisonment.

Defendant entered into an automobile rental agreement with All-Car Leasing and Rental Company (Lessor) on November 27, 1978. The automobile was to be returned to Lessor on December 1, 1978 and was not. Lessor attempted to contact defendant, but to no avail, and subsequently notified the St. Louis Police Department, whose investigation resulted in the arrest of the defendant. The automobile was subsequently recovered in a damaged condition.

Defendant filed a Motion for a New Trial on November 17, 1979, twenty-three days after the return of the jury's verdict on October 25, 1979. Under Supreme Court Rule 27.20 (1979) a Motion for a New Trial to be effective for appellate review must be filed within ten days after the return of the verdict. (Time now increased to fifteen days.) See Rule 29.11(b)(1982). Our examination of the record indicates that defendant did not request an extension of time nor was an extension granted. Defendant's failure to comply with this requirement limits our review to plain errors affecting his substantial rights. *State v. Berry*, 609 S.W.2d 948, 951 (Mo.banc 1980); *State v. Houston*, 607 S.W.2d 183 (Mo.App.1980).

Defendant alleges five points of error: (1) the trial court erred in not sustaining defendant's motion for a mistrial based upon comments made by the prosecution during voir dire; (2) the trial court erred in allowing the prosecution to amend the information; (3) the trial court erred in allowing carbon copies of certain documents to be admitted into evidence; (4) the trial court erred in not severely admonishing the jury to disregard remarks made during trial to the effect that defendant had a prior arrest or lived in a bad neighborhood; and (5) Instruction No. 5, the verdict director, did not set forth with particularity, the facts which the jury must find in order to convict the defendant.

Our examination of the record fails to reveal any manifest injustice or a miscarriage of justice arising from the allegations of error. Rule 29.12(b) 1982. Judgment affirmed.

During the voir dire the prosecutor made the following statements and asked the following questions: "Ladies and gentlemen, Mr. Walton [defense counsel] mentioned to you correctly so, that the defendant has no obligation to put any evidence on in this case. ... I want you to know that under our system of justice, I can't call him to testify. I can't force him to testify. Is there anyone here who would think that or hold it against me because this defendant decides not to testify after consulting with Mr. Walton?"

Defendant objected and moved for a mistrial. The trial court overruled the objection and the prosecutor continued, "would you hold it against me or expect me to call

the defendant knowing he doesn't—that I don't have any right to call him and his decision to testify or not testify is his decision along with Mr. Walton's help? Would anyone hold it against me, expect me to be able to call him? Okay. No other questions."

■ The prosecution is forbidden from commenting on a defendant's failure to testify. Section 546.270 RSMo 1978; Supreme Court Rule 26.08 (1979). The prosecutor's remarks did not pertain to defendant's failure to testify but were merely general comments on the rights of the defendant. The nature of the remarks and the stage of the trial at which they were made did not result in manifest injustice. *State v. Scott*, 560 S.W.2d 879, 880–881 (Mo.App.1977); *State v. Thompson*, 588 S.W.2d 36, 38 (Mo.App. 1979).

The original information in lieu of indictment incorrectly stated that the date of the rental agreement was December 1, 1978 instead of November 27, 1978. The prosecution was allowed to amend the information to reflect the November 27, 1978 date. Defense counsel objected to this amendment, the objection being overruled.

The trial court's power to allow amendment of an information is conferred by Supreme Court Rule 24.02 (1979) which states: "The court may permit an information to be amended or an information to be substituted for an indictment at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

■ The trial court's action did not violate the rule. The amendment occurred before the verdict, no additional or different offense was charged and the substantial rights of the defendant were not prejudiced. *State v. Taylor*, 375 S.W.2d 58, 63 (Mo.1964); *State v. Aldag*, 591 S.W.2d 733, 734 (Mo.App.1979); *State v. Montgomery*, 590 S.W.2d 697, 698 (Mo.App.1979).

■ Defendant alleges that the trial court erred in admitting into evidence carbon copies of the automobile rental agreement and the letter sent to defendant by

Lessor. Carbon copies are admissible in lieu of an original where the unavailability of the original is established. *State v. Jones*, 569 S.W.2d 15, 16 (Mo.App.1978). In the instant case, the evidence establishes the Lessor's employee, who was a witness, had searched for the original rental agreement and could not find it. Further, the original of the letter sent to the defendant was admitted into evidence without objection by the defendant. Under the circumstances, we do not find any manifest injustice or miscarriage of justice resulting from the trial court's admission into evidence of the carbon copies.

■ Defendant contends that the trial court erred in failing to declare a mistrial or to severely admonish the jury for remarks made by witnesses. The first remark occurred during defendant's cross-examination of a witness for the prosecution. Defense counsel asked the witness, "why didn't you knock on Mr. Harris' door when you went over to his house?" To which the witness answered, "Well, it's not actually the best neighborhood and—." We find no manifest injustice or miscarriage of justice resulting from this remark especially since defendant subsequently brought up his neighborhood on at least three other occasions.

The second remark occurred on direct examination of a prosecution witness. The prosecutor asked the witness, "And what did you do during the course of your investigation?" The witness answered, "We obtained a photograph of Ed Harris from a prior arrest;." Defendant then moved for a mistrial which was overruled. The court told the jury to disregard the answer.

■ In a very similar situation, our court refused to reverse a trial court's overruling of a motion for a mistrial and instead deferred to the trial court's discretion, it being in a "better position to observe and evaluate the incident giving rise to the request for a mistrial." See: *State v. Jones*, 578 S.W.2d 286, 288 (Mo.App.1979).

Defendant alleges that the verdict director was deficient in that it did not sufficiently inform the jury of the facts necessary to convict the defendant.

Defendant argues the elements of the lease agreement, in particular, the specific time and place at which the automobile was to be returned, were not set forth in the verdict director.

Under the plain error rule, an instructional error will not be considered plain error unless the reviewing court finds "that the trial court has so misdirected or failed to instruct the jury upon the law as to produce or cause manifest injustice or a miscarriage of injustice." *State v. Ealey*, 624 S.W.2d 465, 467 (Mo.App.1981). "The ultimate test of accuracy for an instruction is whether it precisely follows substantive law and whether it will be correctly understood by a jury composed of average lay people." *State v. Crews*, 585 S.W.2d 131, 134 (Mo.App.1979).

Applying the *Ealey* and *Crews'* standards in tracking the verdict director in relation to § 560.168, RSMo Supp.1975, it is clear that the instruction follows the substantive law in such a manner that the jury could correctly understand it and would not be misled. Defendant's point is without merit.

Judgment affirmed.

DOWD, P. J., and GUNN, J., concur.