STATE of Missouri,
Plaintiff-Respondent,

v.

Ronnie E. GRANT,
Defendant-Appellant.

No. 13919.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 3, 1985.

William L. Webster, Atty. Gen., Mark A. Richardson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Holly G. Simons, Columbia, for defendant-appellant.

PREWITT, Chief Judge.

Following jury trial defendant was convicted of two counts of second-degree burglary and two counts of stealing. He was sentenced to concurrent terms of five years' imprisonment on the first two counts, to be served consecutively to the concurrent terms of five years' imprisonment he received on the remaining two counts.

Defendant contends that the evidence was insufficient to support the convictions and that a mistrial should have been granted because of improper closing argument by the prosecuting attorney.

■■■ The jury's verdict was returned on July 16, 1984. On August 8, 1984 defendant filed an "Application for judgment of acquittal after discharge of jury under Rule 27.07 and motion for new trial". Both a motion for judgment of acquittal after the discharge of the jury and a motion for new trial must be filed within fifteen days of the return of the verdict unless an extension of time for their filing is granted. Rule 27.07(c); Rule 29.11(b). The record does not indicate that an extension of time for either motion was requested or granted. As the motions were not timely filed, defendant's allegations of error were not preserved for appellate review. Rule 29.11(d). Therefore, review is limited to plain error. *State v. Harris*, 636 S.W.2d 403, 404 (Mo.App.1982).

■■■ The occurrence of the crimes defendant was charged with was not disputed. The testimony of an accomplice that he and defendant committed the crimes supplied sufficient evidence to support defendant's convictions. In Missouri, the uncorroborated testimony of an accomplice that a defendant committed a crime is sufficient to support a conviction unless that testimony is so lacking in probative force as to preclude it from constituting substantial evidence. *Neal v. State*, 669 S.W.2d 254, 258 (Mo.App.1984). The believability of the accomplice, his credibility, and the weight of his testimony were for the jury to determine. *State v. Dick*, 636 S.W.2d 425, 427 (Mo.App.1982). The accomplice's testimony was not so lacking in probative force as to preclude it from constituting substantial evidence to support the conviction.

■■■ The drastic nature of a mistrial requires that it be granted only in extraordinary circumstances where the prejudicial effect cannot be removed in any other way; granting a mistrial rests largely within the discretion of the trial judge. *State v. Dees*, 639 S.W.2d 149, 159 (Mo.App.1982). Refusing to grant a mistrial upon the prosecutor's comments in closing argument was not an abuse of discretion.

No plain error is present as the record does not indicate that manifest injustice or miscarriage of justice resulted. Rule 30.20.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.