STATE of Missouri, Respondent,

v.

Kenny HAMILTON, Appellant.

Kenny HAMILTON, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 45411, WD 47527.

Missouri Court of Appeals,
Western District.

Dec. 28, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 1, 1994.

Application to Transfer Denied
March 22, 1994.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

Before HANNA, P.J., and LOWENSTEIN and FENNER, JJ.

FENNER, Judge.

Appellant, Kenny Hamilton, appeals his conviction, after trial by jury, of burglary in the first degree, attempted robbery in the first degree, and armed criminal action. Also consolidated herein is appellant's appeal from the denial of his Rule 29.15 motion for postconviction relief without an evidentiary hearing.

Hamilton does not challenge the sufficiency of the evidence. It suffices to say that Hamilton was found guilty of having forced his way into a house occupied by Paul and Julie Dumsky. Hamilton and another man, Steve Dober, forced their way into the house and threatened the Dumskys with a revolver and a shotgun. A third individual, Curtis Sartin, drove appellant and his accomplice to and from the scene. Apparently, the men mistook the house for one where there was drugs.

■ In his first point on appeal, Hamilton argues that the trial court erred in overruling his objection to the State asking in voir dire of the jury panel if any of the venire would hold it against the State if Hamilton failed to testify.

It is generally improper in a criminal trial for the prosecutor to comment on the defendant's right to testify. *State v. Jackson,* 792 S.W.2d 21, 23 (Mo.App.1990). Both Article I, Section 19, of the Missouri Constitution, and the Fifth Amendment to the United States Constitution provide that a person shall not be compelled to testify against himself in a criminal trial. *Id.* Pursuant to Rule 27.-05(a), counsel is prohibited from commenting on a defendant's right not to testify.

In the case at bar, during voir dire, defense counsel stated that the jury had been informed that Hamilton had the right not to testify at trial, and stated that the jury would be instructed that they could not draw any conclusions about appellant's failure to testify. Defense counsel sought to question the jury about the reasons why a person charged with a crime would not want to testify. The State's objection to such questions was sustained. Defense counsel then questioned the panel as follows:

[Defense Counsel]: Ladies and gentlemen, you will be instructed by the judge that just because someone doesn't testify in a trial against him you're not allowed under the law to draw any conclusion about his guilt or innocence just because he doesn't testify. And I'm going to ask everybody here—and I'll tell you that's because the defendant has no burden of proof, Kenny Hamilton has no burden to prove anything, the entire burden rests with the State of Missouri. Now, can everybody here not hold it against him if he doesn't testify in this case? Can everybody follow the law in that regard? Thank you folks, and I see you shaking your heads and I appreciate it very much. It's very important that you follow the court's instructions.

Following defense counsel's voir dire, the court asked the prosecutor whether she had any "individual questions" for the jury panel. The prosecutor stated:

[Prosecutor]: Yes, your Honor. First I would ask permission to ask my general questions that I was unable to do.

Members of the panel, as defense counsel mentioned to you correctly the defendant is under no obligation to put any evidence on in the case. And I want you to know that under our system of justice I cannot call him to testify. I cannot force him to testify. Is there anyone here who would hold that fact—

[Defense Counsel]: Objection, your Honor. May we approach?

THE COURT: Yes.

\*　　\*　　\*　　\*　　\*　　\*

[Defense Counsel]: Judge, additionally, under the Fifth Amendment she is improperly commenting on the defendant's right to remain silent and violating the federal constitution as made applicable to the states by the Fourteenth Amendment, and also the parallel provision of Missouri.

THE COURT: You've made the record before, I believe, as to the one question and I'll permit so objection overruled because we cleared before the nature of the question. You were furnished a copy of this, I believe.

[Defense Counsel]: I was, your Honor, but I'm objecting to it at this point in time, Judge, in this context. I was not apprised that it would arise, I did not believe it would arise in this context following on the heels of your sustaining the objection to my getting into this matter. And I just think that combined with that event that it be clearly, it arises to the level of an improper comment on defendant's right not to testify, Judge.

THE COURT: Overruled, as to the question as we had reviewed before.[1]

(Proceeding returns to open court.)

[Prosecutor]: Is there anyone here who would hold it against me or against the state in this case if the defendant decides not to testify?

(No response.)

I see you shaking your heads so I take it that no one would.

Hamilton argues that *State v. Lindsey*, 578 S.W.2d 903 (Mo. banc 1979), is controlling and requires reversal of his convictions. In *Lindsey*, the Missouri Supreme Court reversed the appellant's conviction based on the prosecutor's comment on the accused's right not to testify, where the prosecutor stated on voir dire, "Mr. Lindsey doesn't have to go forward with any evidence if he doesn't wish to. He doesn't have to take the stand if he doesn't want to—." *Id.* at 903–04. The Supreme Court found that the language used by the prosecutor had the effect of denying appellant a fair trial. *Id.* at 904. The court noted that "[t]he effect of the remarks must have been either to coerce the defendant to testify, as has been said, 'with a halter about his neck,' or to induce him to remain silent, with knowledge that the jury had been challenged in the outset to observe whether or not he would go upon the stand under the goad of the prosecutor's state-

ment." *Id.* at 904 (quoting *Coleman v. State*, 111 Ind. 563, 13 N.E. 100, 101 (1887)).

*Lindsey* is distinguishable from the case at bar because in *Lindsey* the prosecutor was the one to bring up the question of whether the defendant would testify. By the prosecutor addressing the subject, the court perceived the remarks as either to coerce the defendant to testify or remain silent and challenging the jury at the outset to observe whether the defendant would testify.

In the case at bar, unlike *Lindsey*, defense counsel first addressed the defendant's right not to testify and inquired if the jury would hold his failure to testify against him. The prosecutor then followed that line of inquiry to determine if anyone would hold it against the State if the defendant did not testify.

The comments and circumstances of the case at bar are analogous to those in *State v. Harris*, 636 S.W.2d 403 (Mo.App.1982). In *Harris*, in response to voir dire questions by defense counsel, the prosecutor made comments almost identical to those made by the prosecutor in the case at bar. The prosecutor's comments in *Harris* were as follows:

Ladies and gentlemen, Mr. Walton [defense counsel] mentioned to you correctly so, that the defendant has no obligation to put any evidence on in this case.... I want you to know that under our system of justice, I can't call him to testify. I can't force him to testify. Is there anyone here who would think that or hold it against me because this defendant decides not to testify ...

*Id.* at 404. The court held that "[t]he prosecutor's remarks did not pertain to defendant's failure to testify but were merely general comments on the rights of the defendant." *Id.* at 405.

■ Moreover, "[i]f counsel for the defendant, for stratagem or advantage, calls attention to the silence of his own client," the prosecutor is entitled to "answer on those terms." *State v. Green*, 549 S.W.2d 644, 646 (Mo.App.1977). In the case at bar, the prosecutor made her comments on voir dire in

---

1. The record does not reflect further as to what question the trial court has already reviewed, and does not indicate at what point that review took place.

response to voir dire questions by defense counsel concerning defendant's right not to testify. The prosecutor only asked the questions after defense counsel initiated this line of questioning in an attempt to determine if there were any jurors with a bias or prejudice against the State. Once the jurors are advised by defense counsel that the defendant has the right not to testify and the State has the burden of presenting evidence to prove the charges against the defendant, the State is entitled to be assured that the jurors do not expect that the State should call the defendant as a witness. By seeking assurance, after the defendant has raised the subject, that the jurors understand the process and will not hold the defendant's failure to testify against either party, the State is not calling undue attention to the defendant's right not to testify or challenging the defendant to testify.

Under the circumstances of the case at bar, the prosecutor's comments were not improper comments on the defendant's right not to testify. Hamilton's first point is denied.

In his second point, Hamilton argues that the trial court committed plain error in submitting Instruction No. 4, patterned after MAI–CR3d 302.04, defining reasonable doubt. Hamilton argues that the definition of reasonable doubt given in this instruction violated his due process rights by reducing the State's burden of proof. The definition given in this instruction has been repeatedly approved and challenges on appeal denied. *State v. Griffin*, 848 S.W.2d 464, 469 (Mo. banc 1993); *State v. Blankenship*, 830 S.W.2d 1, 13 (Mo. banc 1992); *State v. Twenter*, 818 S.W.2d 628, 634 (Mo. banc 1991).

Hamilton's second point is denied.

In his third point, Hamilton argues that the postconviction motion court erred in denying his postconviction motion without an evidentiary hearing. Hamilton argues that he pleaded factual allegations which, if proven, would warrant relief and which are not refuted by the record. Hamilton argues several matters in support of this point. However, his allegation that counsel was ineffective for failing to call Mary Conroy as an alibi witness is determinative.

■ To establish ineffective assistance of counsel, a defendant must show that counsel failed to provide reasonably competent assistance, and the defective assistance was prejudicial. *State v. Carey*, 808 S.W.2d 861, 867 (Mo.App.1991) (citation omitted). In order to establish that the error was prejudicial, it must be shown that but for counsel's ineptitude, the outcome of the trial would have been different. *Id.* (citation omitted). To be entitled to an evidentiary hearing on a postconviction motion, the defendant must plead facts, not conclusions, unrefuted by the record, which if true would warrant relief. *Id.* (citation omitted).

■ Hamilton first filed a pro se motion for postconviction relief and after appointment of counsel, an amended motion. Hamilton alleged, among other matters in his amended postconviction motion, that Mary Conroy was present at the courthouse during his trial and that she was ready, willing, and available to testify that she spent the entire day and night of the offenses charged against Hamilton, January 24, 1991, with Hamilton at the home of some friends of theirs. Hamilton argues that counsel was particularly ineffective for failing to call Mary Conroy because counsel represented in opening statement that alibi testimony would be presented.

The State argues that the record reflects that counsel's failure to call Mary Conroy was a matter of trial strategy and that trial strategy does not provide a basis for postconviction relief. The State argues that Hamilton's allegation in his pro se motion that his attorney "went into the hallway and told Mary Conroy that it looked like we would win the case and that he didn't need her to testify . . ." reflect that the decision was one of trial strategy which precludes postconviction relief.

■ The State seems to argue that any trial strategy decision regardless of its advisability precludes the ability of a defendant to obtain postconviction relief. However, for trial strategy to be the basis for denying postconviction relief the strategy must be reasonable. *State v. Ervin*, 835 S.W.2d 905, 930 (Mo. banc 1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993).

To hold otherwise would be to say that any decision of trial counsel no matter how ill-advised could not constitute ineffective assistance.

Hamilton makes a sufficient factual allegation to require an evidentiary hearing to determine the merits of his claim of ineffective assistance of counsel for failing to call Mary Conroy as an alibi witness. The statement by Hamilton that counsel determined that Mary Conroy was not needed because the case was won without her testimony does not by itself reflect reasonable trial strategy. There is nothing to show that Conroy's testimony would not have been as Hamilton alleges or that the testimony would have been otherwise unreliable or subject to challenge which could prove detrimental to Hamilton. The allegations are sufficient to warrant an evidentiary hearing.[2]

The judgment is affirmed on direct appeal, but this cause is remanded for an evidentiary hearing on appellant's amended motion for postconviction relief.

All concur.

---

**2.** It is not necessary to address the other allegations which Hamilton claims entitled him to an evidentiary hearing. On remand for an evidentiary hearing, Hamilton will be entitled to address all allegations properly raised in his motion.