**STATE of Missouri, Respondent,**

v.

**Robert D. GRAHAM, Appellant.**

**Robert D. GRAHAM, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 20538, 21536.

Missouri Court of Appeals, Southern District, Division One.

Jan. 30, 1998.

Rosalynn Koch, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel W. Follett, Asst. Atty. Gen., Jefferson City, for Respondent.

GARRISON, Presiding Judge.

A jury convicted Robert Graham ("Defendant") of forcible rape, § 566.030,[1] sexual assault in the first degree, § 566.040, and deviate sexual assault, § 566.070. He was sentenced, as a persistent sexual offender, to fifty years for rape, and to consecutive seven year sentences for the other two convictions. Defendant appeals the judgment entered on those verdicts in Case No. 20538.

Defendant filed a pro se motion to vacate the judgment and sentences pursuant to Rule 29.15, which was subsequently amended by counsel. The motion court denied relief under those motions after an evidentiary hearing. Defendant's appeal from that ruling is Case No. 21536.

These two appeals have been consolidated. Because we have concluded that one of the points raised by Defendant in his direct appeal requires a reversal and remand for new trial, we do not reach the other issues raised in that case or those raised in Case No. 21536.

The victim was Defendant's fourteen year old daughter. Inasmuch as Defendant does not challenge the sufficiency of the evidence to support the verdicts, we need not describe the details of the occurrences leading to the convictions. We do note, however, that the evidence amply supports the verdicts when viewed in the light most favorable to them. *State v. McClintock*, 913 S.W.2d 124, 125 (Mo.App. S.D.1996).

Defendant contends in one of his points that the trial court erred in not granting his request for a mistrial because of the prosecutor's reference during voir dire to the fact that he was not required to testify. During the state's voir dire, the prosecutor inquired whether the venirepersons understood that the state had the burden to prove Defendant guilty beyond a reasonable doubt. He then made the following comments, which form the basis of Defendant's allegation of error:

The state's going to call several witnesses. I don't know if the defendant will call any witnesses. They don't have to. That's not their job. Surely none of you here will find the defendant guilty just because the defendant chose not to call any witnesses. You understand that the burden is solely on me. By your silence you all understand

[1]. All references to statutes are to RSMo 1994, and all rule references are to Missouri Rules of Criminal Procedure (1995), unless otherwise indicated.

that. Also the defendant doesn't have to testify.

Defendant's attorney then moved for a mistrial, arguing that the prosecutor's comment deprived Defendant of the right not to testify without reference being made to it. The trial court denied that request for a mistrial. Defendant did not testify at trial.

In *State v. Lindsey*, 578 S.W.2d 903 (Mo. banc 1979), the prosecutor, in voir dire, explained the presumption of innocence, and then added:

> .... The state must go forward with evidence. The second principle is the burden of proof. The burden of proof is on the State who I represent in this case and we must go forward with the evidence. [*Defendant*] *doesn't have to go forward with any evidence if he doesn't wish to. He doesn't have to take the stand if he doesn't want to—*

Just as in the instant case, the defendant in *Lindsey* moved unsuccessfully for a mistrial, contending that the prosecutor's statement was a direct comment on his right not to testify and was an infringement of his right to remain silent. The Missouri Supreme Court reversed the conviction, and observed that Article I, § 19 of the Missouri Constitution protects a person from being compelled to testify against himself. It said:

> This language prohibits not only comments on the failure of a defendant to testify ..., but also comments which have the effect of compelling a defendant to testify. The use of language which has either effect must be condemned. "The effect of the remarks must have been either to coerce the defendant to testify, as has been said, 'with a halter about his neck,' or to induce him to remain silent, with knowledge that the jury had been challenged in the outset to observe whether or not he would go upon the stand under the goad of the prosecutor's statement."

*Id.* at 904. The Court concluded:

> We believe and hold that the italicized language used by the [prosecutor] was of such character that the jury would naturally and necessarily be influenced so as to deny appellant a fair trial. Conduct which naturally and necessarily has the effect of denying an accused a fair trial can never be harmless.

*Id.*

 The State argues that *Lindsey* is distinguishable from the instant case because there the focus was on whether the defendant "wanted" or "wished" to testify while here the prosecutor did not appear to be challenging Defendant to testify. We believe this distinction is superficial and contrary to the import of the holding of the Supreme Court in *Lindsey*.

 The State also notes that in the instant case, unlike *Lindsey*, Defendant's attorney referred to the fact that he did not have to testify during his voir dire. While it is true that Defendant's attorney did so, he also remarked that the prosecutor had already made similar comments to the venire panel. The State first raised the matter. That Defendant later referred to the same subject, after his request for a mistrial was denied, does not make the holding in *Lindsey* inapplicable. Missouri courts have held that the state's reference, in voir dire, to the fact that a defendant is not required to testify is justified by a defendant's reference to the same subject. Those cases, however, involve situations where the matter was *first* raised by the defendant. *See State v. Ralls*, 918 S.W.2d 936, 938 (Mo.App. W.D.1996); *State v. Hamilton*, 871 S.W.2d 31, 33 (Mo.App. W.D.1993); *State v. Harris*, 636 S.W.2d 403, 404–05 (Mo.App. E.D.1982).

 Under Article V, § 2 of the Missouri Constitution, we are bound to follow the last controlling decision of the Supreme Court of Missouri. *State v. Phinney*, 885 S.W.2d 341, 344 (Mo.App. W.D.1994); *State v. Dunn*, 615 S.W.2d 543, 550 (Mo.App. E.D.1981). Accordingly, we are compelled to follow *Lindsey* with the result that the judgment in Case No. 20538 must be reversed and the case remanded for a new trial. That renders Case No. 21536 moot.

PREWITT and CROW, JJ., concur.