**STATE of Missouri, Respondent,**

v.

**Lawrence Dale SPIDLE, Appellant.**

**No. WD 54404.**

Missouri Court of Appeals,
Western District.

April 28, 1998.

Rebecca L. Kurz, Asst. Public Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christi A. Ingalsbe, Asst. Atty. Gen., Jefferson City, for Respondent.

SPINDEN, Judge.

In his appeal of the circuit court's judgment convicting him of statutory rape in the first degree, Lawrence Dale Spidle complains about the prosecutor's questions and comments during *voir dire*.[1] Spidle asserts that the circuit court erred in allowing the prosecutor to question the venire panel regarding what type of evidence they would require to convict, to comment on Spidle's right to testify, and to define "proof beyond a reasonable doubt." We affirm the circuit court's judgment.

Spidle did not object to any of the state's comments during *voir dire*, so he did not preserve the issues for our review. He asks us, however, to review the matter as plain error under Rule 30.20. The Supreme Court has defined plain error as error which, on its face, gives an appellate court substantial grounds for believing that manifest injustice has resulted from the error. *State v. Brown,* 902 S.W.2d 278, 284 (Mo. banc), *cert. denied,* 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995).

---

1. The state charged Spidle with engaging in sexual intercourse with a 13–year–old girl. We do not set out any facts of the case because Spidle does not challenge the sufficiency of the state's evidence, and none of the other issues in this case require a discussion of the facts.

■ Spidle first complains about a group of questions which he asserts that the prosecutor intended to indoctrinate and to predispose the potential jurors to favoring the state's case. He argues that he was prejudiced because the panel was forced to speculate on how they would react to the anticipated evidence and to commit to a guilty verdict. The prosecutor asked these questions:

Is there anyone here that disagrees with the law that does not allow the jury to consider whether the child consented to the intercourse? In other words, under the law, consent is not a defense? Does anyone disagree with that?

Does anyone here feel that a child deserves less protection under the law than an adult does?

Does anyone here feel that the burden of proof in this case should be higher because it involves the rape of a child as compared to some other sort of a crime?

Would any of you have hesitation to return a verdict of guilty if you believed beyond a reasonable doubt the defendant is guilty but the only evidence was the testimony of the child without any other corroborative evidence?[2] ... Would any of you be unable to return a verdict of guilty based upon the testimony of the child alone without any other corroborating evidence?

And would you disagree with the fact that these kinds of crimes aren't committed in front of a bunch of witnesses? Anybody feel these crimes are committed in front of a lot of witnesses? I think that's probably obvious.... Would you agree with the fact that if the law required corroboration of the victim's testimony before you could believe the victim's testimony that most child sex case crimes would never be prosecuted?[3]

Would any of you require a particular kind of evidence before you would be able to find the defendant guilty beyond a reasonable doubt? There are no forensic results in this case. Would any of you require that sort of evidence be presented? ... Now, would you be able to consider the factors leading to the possible—the absence of forensic evidence, for instance, passage of time, the way the act was completed, those sorts of things or—... Or would you just look and say, "Well, there's not that kind of evidence so I'm not going to find the defendant guilty, no matter what?"

Would any of you be less inclined to believe a child because the child didn't disclose being raped at the first opportunity? If the child denied then later admitted would you decide that simply because the child victim first denied it that you could not find the defendant guilty? ... Would any of you be unable to reach a decision on whether the defendant committed the offense even if you felt like the victim's conduct was inappropriate?

We do not perceive that these questions pose substantial grounds for believing that Spidle suffered a manifest injustice.

■ A lawyer cannot use *voir dire* to induce the venire panel to pledge to certain actions or use it to speculate about any contingency which might arise during a trial—*State v. Katz Drug Company*, 352 S.W.2d 678, 684 (Mo. banc 1961), *overruled on other grounds, Harvey v. Priest*, 366 S.W.2d 324 (Mo. banc 1963)—but he or she may probe for preconceived prejudices which would prevent the panelists from following the court's instructions. *State v. Smith*, 781 S.W.2d 761, 771 (Mo. banc 1989) (reaffirmed *State v. Smith*, 790 S.W.2d 241 (Mo. banc 1990)). In cases of preserved error, Missouri's courts have permitted probes similar to those made by the prosecutor. *State v. Reed*, 629 S.W.2d 424, 427 (Mo.App.1981) (question probing whether panelists would require more than circumstantial evidence to convict); *State v. Crew*, 803 S.W.2d 669, 670 (Mo.App.1991) (questions probing whether panelists could find a defendant guilty on the basis of one witness' testimony); and *State v. Lottmann*, 762 S.W.2d 539, 540 (Mo.App.1988) (ques-

---

**2.** Spidle objected to this question, and the prosecutor agreed to rephrase it. Spidle did not ask the circuit court for any further relief.

**3.** Spidle objected to this question, and the circuit court sustained his objection, but he did not ask for any further relief.

tions probing whether a child victim's delay in reporting sexual abuse would cause them to disbelieve her). These questions do not constitute plain error.

■ Spidle also complains about the prosecutor's commenting during *voir dire* about his right to testify. Spidle argues that the prosecutor's comment infringed on his constitutionally-protected right to be free from self-incrimination. The prosecutor said:

This defendant also has the right as any other defendant does to testify or not to testify, strictly his choice. The state does not—cannot call the defendant as a witness. Would anyone feel that they would read something into or penalize the defendant if he were to exercise his constitutional right not to testify?

Unlike the questions noted earlier, this comment is plain error.

The Fifth Amendment to the United States Constitution and Article I, § 19, of the Missouri Constitution prohibit the government's compelling a defendant in a criminal case to testify. In *Griffin v. California*, 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106 (1965),[4] the United States Supreme Court held that comments about an accused's failure to testify violated the Fifth Amendment,[5] and the Supreme Court of Missouri, in *State v. Lindsey*, 578 S.W.2d 903, 904 (Mo. banc 1979), added that the constitution "prohibits ... also comments which have the effect of compelling a defendant to testify."

"The effect of the remarks must have been either to coerce the defendant to testify, as has been said, 'with a halter about his neck,' or to induce him to remain silent, with knowledge that the jury had been challenged in the outset to observe whether or not he would go upon the stand under the goad of the prosecutor's statement." *Coleman v. State*, 111 Ind. 563, 13 N.E. 100, 101 (1887).

*Id.* We, therefore, exercise our discretion under Rule 30.20 to review the matter as plain error.

■ Plain error, however, does not mean reversible error. As the Supreme Court of Missouri noted:

It has been suggested that relief should always be given under [the plain error rule] when a "constitutional" error is involved. We do not agree. Even a federal constitutional error may be considered harmless. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 ... (1967). We will continue to "review all the facts and circumstances in each case and determine on a case-to-case basis whether manifest injustice has resulted from the alleged error."

*State v. Howard*, 540 S.W.2d 86, 87 (Mo. banc 1976). In *Chapman*, the United States Supreme Court noted that "there may be some constitutional errors which in the setting of a particular case are so ... insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction." 386 U.S. at 22, 87 S.Ct. at 827.

■ Spidle testified. The issue, then, is whether the prosecutor's comment during *voir dire* compelled Spidle to testify. The record establishes that it did not.

Before Spidle testified, the circuit court asked Spidle whether he was testifying because that was his desire and whether he understood that he had a right under the law not to testify. Spidle answered affirmatively to both questions. At no time did Spidle or his attorney indicate to the circuit court that Spidle felt compelled to testify because of the prosecutor's comments. Because Spidle assured the circuit court that he wished to testify and because Spidle had the opportunity (out of the presence of the jury) to inform

---

4. In *State ex rel. Munn v. McKelvey*, 733 S.W.2d 765, 767 (1987), the Supreme Court of Missouri said, "The privilege against self-incrimination is secured by the Fifth Amendment to the United States Constitution and by Article I, section 19 of the Missouri Constitution. The principles to be followed in applying these two provisions are consistent."

5. .The United States Supreme Court deemed the mandates of the Fifth Amendment to be applicable to the states by the Fourteenth Amendment's due process clause. *Malloy v. Hogan*, 378 U.S. 1, 6, 84 S.Ct. 1489, 1492–93, 12 L.Ed.2d 653 (1964).

the circuit court that he felt compelled to testify, we do not discern manifest injustice.

Spidle contends that his case should be controlled by *Lindsey* in which Missouri's supreme court reversed a criminal conviction because the prosecutor commented during *voir dire* that the defendant did not "have to go forward with any evidence if he doesn't wish to. He doesn't have to take the stand if he doesn't want to[.]" 578 S.W.2d at 903. The Supreme Court ruled that these comments would naturally and necessarily influence the jury to the point of denying the defendant a fair trial, and "[c]onduct which naturally and necessarily have the effect of denying an accused a fair trial can never be harmless." *Id.* at 904.

We agree that the prosecutor's comment in Spidle's case is similar in nature to the prosecutor's comment in *Lindsey*. In *Lindsey*, however, the Supreme Court did not review the issue under the plain error standard.[6] In Spidle's case, given Spidle's failure to suggest to the circuit court that he felt compelled to testify by the prosecutor's comment and his affirmative assurance that he was testifying voluntarily, we do not discern manifest injustice.

■ In his final point, Spidle complains about the prosecutor's discussing reasonable doubt during *voir dire*. He argues that the prosecutor's comments were an improper attempt to define and to argue reasonable doubt and that the comments mislead the jury. The prosecutor said:

> [W]ould anyone feel that in order to return a verdict of guilty that the state would have to meet a heavier burden of proof than proving it beyond a reasonable doubt? For instance, you hear prove the case beyond a shadow of a doubt. I don't know what that is, but I think probably it would be impossible to preclude or eliminate every single doubt that any human being on the face of the earth could imagine. Would anyone feel that they just couldn't return a verdict of guilty without more

> proof than beyond a reasonable doubt? . . . .

> Also with regard to that burden of proof I want to ask you, would any of you require the state to prove each and every fact of the case beyond a reasonable doubt, as opposed to each and every element of the crime? I see some confused looks. Let me give you an example. If there's testimony that the truck this occurred in was red and testimony that the truck this occurred in was blue, well, that's a direct conflict in testimony but it is a fact that is in conflict. The element—what the state has to prove in the elements of a crime is not what color the truck was in a statutory rape in the first degree case. Would any of you require the state to prove beyond a reasonable doubt what color the truck was or, you know, a collateral fact of a case to return a verdict of guilty.

> . . . .

> Within that example I have something else I want to ask you about, and how many of you feel that if there is a conflict between the testimony of various witnesses regarding facts of the case, like the red truck, and another witness says the truck was blue, that that means there is a reasonable doubt? . . . .

> . . . .

> We talked about the burden of proof and the state shoulders the burden of proof. Course, that's a shield for the innocent. It's not a barrier for the guilty to hide behind[.]

We do not discern from these comments substantial grounds for believing that Spidle suffered a manifest injustice, so we decline to exercise our discretion under Rule 30.20 to review the matter. The jury instructions on reasonable doubt submitted by the circuit court corrected any potential error. *State v. Storey*, 901 S.W.2d 886, 893 (Mo. banc 1995); *State v. Gray*, 887 S.W.2d 369, 379 (Mo. banc

---

**6.** Spidle also relies on *State v. Hinderman*, 665 S.W.2d 699 (Mo.App.1984), and *State v. Croka*, 646 S.W.2d 389 (Mo.App.1983). Neither case involved plain error review. Although, in *dicta*, *Croka* suggests that failure to preserve an issue involving a fundamental constitutional right could not be waived, it did not mention Chapman or Howard.

1994), *cert. denied*, 514 U.S. 1042, 115 S.Ct. 1414, 131 L.Ed.2d 299 (1995).

We affirm the circuit court's judgment.

BRECKENRIDGE, P.J., and LOWENSTEIN, J., concur.