**STATE of Missouri, Plaintiff–Respondent,**

v.

**Wayne K. CHADDOCK, Defendant–Appellant.**

**No. SD 29079.**

Missouri Court of Appeals, Southern District, Division Two.

March 30, 2009.

Margaret M. Johnston, Columbia, MO, for Appellant.

John M. Reeves, Jefferson City, MO, for Respondent.

1. Unless otherwise indicated, all references to statutes are to RSMo 2000.

2. Defendant does not challenge the sufficiency of the evidence supporting his conviction. The parties are familiar with the evidence and

Don E. Burrell, Presiding Judge.

Wayne K. Chaddock ("Defendant") was charged with the class C felony of statutory sodomy in the second degree pursuant to section 566.064.[1] A jury found Defendant guilty as charged. In his sole point relied on, Defendant argues the trial court erred by failing to *sua sponte* declare a mistrial when the prosecutor told the panel of potential jurors during *voir dire* that the judge would be giving the jury an instruction concerning Defendant's right not to testify.[2] Finding no abuse of discretion by the trial court, we affirm.

## I. Standard of Review

At trial, Defendant objected when the prosecutor said he believed the judge would instruct the jury regarding a defendant's right not to testify, but Defendant did *not* request a mistrial. As a result, Defendant acknowledges that we may only review his claim for plain error under Rule 30.20.[3]

Rule 30.20 provides that an appellate court may, in its discretion, review plain errors affecting substantial rights when the court finds that a manifest injustice or miscarriage of justice has resulted. Whether or not plain error has occurred is determined by reviewing the circumstances of each case. Appellate courts employ a two-step process when determining whether plain error has occurred. Initially, the court ascertains whether substantial grounds for plain error have been facially established by the party's allegation. When such grounds are deemed present, a reviewing court then enters the second step of

we will only set forth those portions of the record necessary to address Defendant's claim of error.

3. All references to rules are to Missouri Court Rules (2008).

the process, which involves a determination of whether plain error actually occurred. If the party's allegation fails to establish facially substantial grounds of a manifest injustice or miscarriage of justice, then the court should not engage in plain error review.

*State v. Millsap,* 244 S.W.3d 786, 789–90 (Mo.App. S.D.2008) (internal citations omitted). "We review a trial court's refusal to grant a mistrial for abuse of discretion." *Id.* at 790 (citing *State v. Coe,* 233 S.W.3d 241, 249 (Mo.App. S.D.2007)).

## II. Discussion

 As Defendant rightly points out, criminal defendants have an absolute right not to testify. U.S. CONST. amend. V; MO. CONST. art. I, section 19. If a defendant chooses not to testify, the attorneys in the case are prohibited from commenting on it, either directly or indirectly. *State v. Barnum,* 14 S.W.3d 587, 591–92 (Mo. banc 2000); Rule 27.05(a); section 546.270. This prohibition applies throughout the trial—including during the *voir dire* process—and its purpose "is to avoid focusing the jury's attention upon a defendant's failure to testify." *Id.* at 591–92 (citing *State v. Neff,* 978 S.W.2d 341, 344 (Mo. banc 1998) and *State v. Lindsey,* 578 S.W.2d 903 (Mo. banc 1979)).

In the instant case, however, it was Defendant who first raised the issue of whether he would testify. After the State had finished its portion of *voir dire* and Defendant had begun his inquiry, Defendant's counsel asked the *venire* the following question:

Now, the Constitution [ ] guarantees each and every one of us the right not to testify. That's a [c]onstitutional guarantee. Is there anybody that feels that if [Defendant] does not testify that you would hold it against him, and that he's trying to hide something?

Several panelists responded that they thought Defendant might be hiding something by not testifying and that they might hold it against him. Once Defendant had finished his *voir dire,* the trial court asked the following question to one of those panelists:

BY THE COURT: Given your answers regarding your thoughts if the Defendant did not testify, do you believe you could follow the Court's instruction in that regard, and if he's not required to testify, and you're not to hold that against him, do you think you can be fair and impartial in that regard, or do you have concerns about your ability to be fair and impartial if the Defendant does not testify?

BY [PANELIST]: I think I can be fair.

It was only after both of these exchanges had taken place that the prosecutor stood up and asked that he be allowed to ask the *venire* an additional question. When the trial court said "go ahead," the following exchange took place:

BY [THE PROSECUTOR]: I apologize. I don't mean to slow this down. I wanted to—there were several of you that talked about having some concerns or issues about the fact that the Defendant may not testify or may testify, and the implications that that may bring about. The State, as you've already seen, always goes first in a situation, then the Defense has an opportunity to present evidence. That's the way our trials work. You understand that the Judge is going to instruct you as to what the burden of proof is and what the facts of the case are that must—that the State must prove. Does everyone here have an idea of that's the way this trial is going to work? Does anyone not understand that system? Everyone understands that? Yes, ma'am [Panelist].

BY [PANELIST]: I feel like I need to be fair. I told you about my nephew earlier. You know, I said that it would bother me if he didn't answer questions or may not testify, but at the same time, I have a problem with my nephew. He accused his father of molesting him, but I don't believe it, the police didn't believe it, he was never arrested or charged. My nephew's twin brother said it didn't happen. So I don't know who I would believe.

BY [THE PROSECUTOR]: Fair enough.

BY [PANELIST]: You know, I have problems on both sides.

BY [THE PROSECUTOR]: Right. And that's really what I'm getting at here. At the conclusion of the State's evidence, when I'm done putting on my testimony, and each person that may come up here and testify, the Defense has an opportunity to ask them questions and cross-examine them. That's, again, the way the process works. But when I'm finished putting on my evidence you—if you're not convinced at that point in time—well, you shouldn't be convinced of anything until you have heard any evidence that the Defense wants to put on. And then it's not until the conclusion of the case altogether as to whether you will be convinced that I have met all of the things that I'm supposed to prove in order for you to find the Defendant guilty. And so the burden of proof, and the fact that the Judge will instruct you that the Defense does not have to testify, and that you cannot find any—you should not consider that against him, that's one of the Court's instructions that he will give you, is there anyone knowing that much now, is there anyone that thinks that you could not follow this Court's instructions and weigh them in light of the evidence?

Understanding that you will be instructed in that regard.

BY [DEFENSE COUNSEL]: Approach, Your Honor?

BY THE COURT: Yes.

[Counsel approached the bench and the following discussion was held:]

BY [DEFENSE COUNSEL]: Your Honor, at this point I think [the prosecutor] is stating some things that he doesn't know whether the Jury will be instructed whether the Defendant does not have to testify or not, because at this point [the prosecutor] doesn't know whether the Defendant is going to testify. And I don't think he should be able to argue that you will give that instruction.

BY [THE PROSECUTOR]: Fair enough.

BY THE COURT: Yeah. The Court agrees. So that objection is sustained.

BY [DEFENSE COUNSEL]: Thank you, Your Honor.

As earlier indicated, Defendant did not request a mistrial. None of the panelists who had expressed any tendency to "hold it against" Defendant if he failed to testify were seated on the jury.

■■■ While it is clear under the previously cited constitutional, statutory, rule and case authority that these direct references to whether Defendant would testify were improper, *State v. Boyd*, 91 S.W.3d 727, 731–32 (Mo.App. S.D.2002), "mistrial is a drastic remedy reserved only for the most extraordinary circumstances." *Id.* at 731. For several reasons, this case does not fall into that "extraordinary" category.

First, we have previously recognized that a prosecutor's reference in *voir dire* to the defendant's right not to testify is justified in those instances where the matter is first raised by the defendant. *State v. Graham*, 964 S.W.2d 836, 838 (Mo.App.

S.D.1998) (citing *State v. Ralls*, 918 S.W.2d 936, 938 (Mo.App. W.D.1996), *State v. Hamilton*, 871 S.W.2d 31, 33 (Mo.App. W.D.1993), and *State v. Harris*, 636 S.W.2d 403, 404–05 (Mo.App. E.D.1982)). Second, the prosecutor's *voir dire* statement in the instant case is remarkably similar to the one made in the aforementioned *State v. Boyd*, 91 S.W.3d 727, and held not to require a mistrial.

In *Boyd* (where the prosecutor's statement to the panel was *not* in response to a similar statement already made by the defendant's counsel and the defendant asked the trial court to strike the entire panel), the relevant exchange was as follows:

> BY [THE PROSECUTOR] ... Is there anyone here that despite the instruction of the Court, and the Court will instruct you before we begin, that the defendant does not have to testify. And you cannot hold that against him because—
>
> BY [APPELLANT'S COUNSEL] Objection, Your Honor.

*Id.* at 731. After approaching the bench, defense counsel said the reference was reversible error and asked that the "jury" be stricken, a request we interpreted as a request for a mistrial. *Id.* In upholding the trial court's decision not to grant a mistrial, we noted that our Supreme Court had recently stated in *Barnum* "that it had 'never held that a mistrial is always required after a direct reference by an attorney to a defendant's right to testify.'" *Id.* at 732 (quoting *Barnum*, 14 S.W.3d at 592). We found the prosecutor's statement to be substantially similar to the one made by the prosecutor in *Barnum* that "[the defendant] doesn't have to present any evidence, doesn't have to testify, and that's our legal system. That's the way it works in our legal system." *Id.* (quoting *Barnum*, 14 S.W.3d at 592). As a result, we held in *Boyd* that the trial court's refusal to grant the requested mistrial was

not an abuse of discretion because the statement was "a general restatement of the law as it is routinely given to juries via court-read instructions [and] ... predictive of what the panel would hear from the trial court and not the prosecutor." *Id.*

Here, we would find no reversible error even if Defendant's point of alleged error had been properly preserved for our review. The trial court did not abuse its discretion for failing to *sua sponte* declare a mistrial for the same reason stated in *Boyd:* because Defendant was the first party to bring up Defendant's right not to testify; and because the predicted instruction ultimately *was* given to the jury at Defendant's request. For all these reasons, Defendant has failed to demonstrate that he suffered *any* prejudice as a result of the prosecutor's statement, let alone facially demonstrate that any manifest injustice or miscarriage of justice has occurred. Defendant's point is denied, and the judgment is affirmed.

LYNCH, C.J., and RAHMEYER, J., Concur.