**STATE of Missouri,**

v.

**Ricky G. PHINNEY.**

**No. WD 45811.**

Missouri Court of Appeals,
Western District.

Oct. 25, 1994.

---

**342**

Laura G. Martin, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and LOWENSTEIN and HANNA JJ.

ULRICH, Presiding Judge.

Ricky G. Phinney was convicted of assault in the first degree, § 565.050, RSMo 1986, and he was sentenced to a twenty-year term of imprisonment. He now appeals, claiming that the trial court erred by submitting a jury instruction which incorrectly defined "reasonable doubt," and by submitting another instruction which failed to sufficiently inform the jury on the issue of self defense. Mr. Phinney also appeals the denial of his Rule 29.15 motion for postconviction relief, claiming he was denied effective assistance of counsel.

The judgments of the trial court and the motion court are affirmed.

The present case arises from an altercation which occurred on April 22, 1991, outside the St. Joseph Plasma Center in St. Joseph, Missouri. In the course of the altercation, Mr. Phinney struck Jerrod Huber with a tire jack, knocking him unconscious and causing a serious head injury. Mr. Phinney testified at trial and maintained that he struck Mr. Huber in self-defense.

At the close of Mr. Phinney's trial, the trial court submitted the following instructions to the jury:

### INSTRUCTION NO. 5

*If you find and believe from the evidence beyond a reasonable doubt:*

First, that on or about the 22nd day of April, 1991, in the County of Buchanan, State of Missouri, the defendant knowingly caused serious physical injury to Jerrod Lee Huber, by striking him with a jack, and

*Second, that defendant did not act in lawful self-defense as submitted in Instruction No. 6, Then you will find the defendant guilty of assault in the first degree.*

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

As used in this instruction, the term "serious physical injury" means physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body.

If you do find the defendant guilty of assault in the first degree, you will return a verdict finding him guilty of assault in the first degree. [Emphasis added.]

### INSTRUCTION NO. 6

One of the issues in this case is whether the use of force by the defendant against Jerrod Lee Huber was in self-defense. In this state, the use of force, including the use of deadly force, to protect oneself from harm is lawful in certain situations.

A person can lawfully use force to protect himself against an unlawful attack. However, an initial aggressor, that is, one who first attacks or threatens to attack another, is not justified in using force to protect himself from the counterattack which he provoked.

In order for a person lawfully to use force in self-defense, he must reasonably believe he is in imminent danger of harm from the other person. He need not be in actual danger but must have a reasonable belief that he is in such danger. If he has such a belief, he is then permitted to use that amount of force which he reasonably believes to be necessary to protect himself.

But a person is not permitted to use deadly force, that is, force which he knows will create a substantial risk of causing death or serious physical injury, unless he reasonably believes he is in imminent danger of death or serious physical injury.

And, even then, a person may use deadly force only if he reasonably believes the use of such force is necessary to protect himself.

As used in this instruction, the term "reasonable belief" means a belief based on reasonable grounds, that is, grounds which could lead a reasonable person in the same situation to the same belief. This depends on how the facts reasonably appeared. It does not depend upon whether the belief turned out to be true or false.

On the issue of self-defense in this case, you are instructed as follows:

If the defendant was not the initial aggressor in the encounter with Jerrod Lee Huber, and if the defendant reasonably believed he was in imminent danger of death or serious physical injury from the acts of Jerrod Lee Huber, and he reasonably believed that the use of deadly force was necessary to defend himself, then he acted in lawful self-defense.

*The state has the burden of proving beyond a reasonable doubt that the defendant did not act in lawful self-defense. Unless you find beyond a reasonable doubt that the defendant did not act in lawful self-defense, you must find the defendant not guilty.*

As used in this instruction, the term "serious physical injury" means physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body. [Emphasis added.]

■ Mr. Phinney claims in his first point on appeal that these instructions failed to sufficiently inform the jury that, if they found beyond a reasonable doubt that he did act in lawful self-defense, then they must find him not guilty of assault in the first degree. Therefore, he argues, the jury lacked direction and was not instructed how to specifically act if it found the defendant acted in lawful self-defense.

Mr. Phinney did not preserve this point, and he seeks plain error review of this point on appeal. "For instructional error to rise to the level of plain error, the trial court must have so misdirected or failed to instruct the jury as to cause a manifest injustice or a miscarriage of justice, and the defendant has the burden of establishing that the error resulted in 'manifest injustice.'" *State v. Middleton*, 854 S.W.2d 504, 517 (Mo.App. 1993).

No such error occurred in this case. The highlighted portions of the above-quoted instructions clearly mandate that, unless the State proves beyond a reasonable doubt that Mr. Phinney did not act in lawful self-defense, the jury is to find Mr. Phinney not guilty. These highlighted portions constitute MAI–CR 3d 306.06 and accompanying Note on Use No. 2 *verbatim.* Mr. Phinney's argument is meritless because the language of which he complains was improperly omitted from the instructions would have, had it been included in the instruction, abated the State's burden of proof. Mr. Phinney failed to establish that the trial court committed plain error. Point one is denied.

Mr. Phinney claims as his second point on appeal that the trial court erred by submitting a jury instruction which defined "proof beyond a reasonable doubt" as proof which leaves jurors "firmly convinced" of a defendant's guilt. Mr. Phinney contends that the instruction violated his rights to due process and a fair trial by jury because it allowed the jury to convict him based upon an impermissibly low quantum of proof.

■ Mr. Phinney acknowledges that he failed to properly preserve this point for review, so he seeks appellate relief on the basis of plain error. However, Mr. Phinney's claim has been repeatedly rejected by the Missouri Supreme Court. *State v. Williams,* 871 S.W.2d 450, 454 (Mo. banc 1994); *State v. Blankenship,* 830 S.W.2d 1, 13 (Mo. banc 1992); *State v. Twenter,* 818 S.W.2d 628, 634 (Mo. banc 1991). This court is compelled by the Missouri Constitution to emulate the most recent controlling decision of the Missouri Supreme Court. *State v. Dillon,* 869 S.W.2d 67, 69 (Mo.App.1993); *Mo. Const. art. V, § 2.* Point two is denied.

Appealing from the denial of his Rule 29.15 motion for post-conviction relief, Mr. Phinney claims that, prior to trial, he had repeatedly told his trial counsel that he did not want to testify at trial. Therefore, he asserts his trial counsel was ineffective for failing to question the venire panel about Mr. Phinney's right to refrain from testifying and for telling the jury during opening statement that Mr. Phinney would testify. Mr. Phinney contends that, because of these failings by his trial counsel, he was coerced to testify at trial.

■■ However, Mr. Phinney's claim that he informed his trial counsel he did not want to testify was refuted by his trial counsel's testimony at the postconviction motion evidentiary hearing. Mr. Phinney's trial counsel stated that Mr. Phinney had wanted to testify "from the beginning" and that Mr. Phinney had wanted to tell the jury his perspective of the altercation. The trial court, acting as trier of fact, determined witness credibility and concluded that Mr. Phinney's claim was not believable. In postconviction proceedings, appellate courts defer to the motion courts' determination of witness credibility. *State v. Engel,* 859 S.W.2d 822, 831 (Mo.App.1993).

Mr. Phinney also claims that his trial counsel was ineffective for failing to investigate and present witnesses who would have testified about a prior altercation between Mr. Huber and himself. Mr. Phinney seems to suggest that such testimony would have been

helpful to his defense because the potential witnesses would have testified that, after the prior altercation was over, Mr. Phinney had apologized to Mr. Huber.

■ To successfully prosecute a post-conviction claim that defense counsel's assistance was ineffective, "the convicted defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* Mr. Phinney has failed to make a persuasive argument that the potential testimony would have provided him a viable defense, and, therefore, he has failed to show that his counsel breached the standard of reasonableness expected of counsel. Thus, counsel will not be deemed ineffective for failing to call a witness where the movant has failed to establish that the witness would provide a viable defense. *State v. Boyd,* 842 S.W.2d 899, 906 (Mo.App.1992).

■ Mr. Phinney further claims that his trial counsel was ineffective for failing to cross-examine Mr. Huber about an alleged prior conviction for assault. However, Mr. Phinney has failed to sufficiently establish that Mr. Huber had such a conviction. At the postconviction motion evidentiary hearing, Mr. Phinney produced a National Crime Information Computer printout which showed that a Jerrod Lee Huben had been convicted of assault and battery in Tennessee. However, Mr. Phinney never demonstrated that the similar but slightly different name on the printout was actually the same person as the victim in this case. Mr. Phinney's trial counsel is not ineffective for failing to cross-examine Mr. Huber about a prior conviction which was not sufficiently established. Point three is denied.

The judgment of conviction is affirmed. The judgment denying the Rule 29.15 postconviction motion is affirmed.

All concur.