MARION F. EDWARDS, Chief Judge.
12Defendant/appellant, Gregory Searls (“Searls”), was charged with and convicted of simple burglary in violation of La. R.S. 14:62 on July 30, 2002. After Searls’ appeal to this Court was submitted, Searls filed a pro se writ application, No. 04-KH-1424, wherein he sought to file a pro se supplemental brief urging prosecutorial misconduct. That writ was denied. Subsequently, this Court affirmed Searls’ conviction and sentence.[1]
In a subsequent pro se writ application,[2] reviewed by this Court under State v. Cordero,[3] we determined that we had erred in our previous ruling on Searls’ earlier writ application, and we granted the writ for the limited purpose of reopening Searls’ appeal to consider his late-filed brief. Searls filed another writ application in March 2012, claiming that no action had been taken with regard to our ruling in No. 08-WR-1181.[4] Since Searls’ appeal is being considered at this Rtime based solely upon his late-filed brief, that writ has been incorporated for consideration with this appeal. We specially note that the present matter presents unique circumstances, and this appeal is considered exclusively under the peculiar facts of this particular case.

DISCUSSION

In his only original supplemental assignment of error, Searls alleged that the trial court erred in denying the defense’s motion for mistrial. He contended that the prosecutor informed the jury that “if the defendant takes the stand, you’ll see how many convictions he got.” Searls argued that this was an impermissible reference to his right to remain silent. The trial court sustained the defense’s objection, but it denied the request for a mistrial. Searls appealed this denial in his supplemental appellate brief.
During voir dire, the prosecutor stated: “Prior convictions; if a witness takes the stand, you can talk about their prior convictions. Now, it’s a common sense thing, do all of you think that — ” At this point, the defense objected and a bench conference was held.
MR. WILLIAMS:
Judge, I think that was totally improper to talk about — first of all, it’s treading on very thin ice to suggest *1148 about a defendant’s right to have to take the stand or not. You know, that’s playing a very fíne line but then to suggest to the jury and say, if he takes the stand, then you can find out his prior convictions—
MR. BELANGER:
That’s not what I said, Judge.
MR. WILLIAMS:
That’s what I heard.
MR. BELANGER:
I said if a witness takes the stand. That’s different. I didn’t say anything about the defendant taking the stand. I said if a witness takes the stand, you can talk about their prior convictions.
MR. WILLIAMS:
|4I think that to get into that, Judge, is to plant in their mind a motive for not taking the stand. And Mr. Searls—
THE COURT:
I’m going to sustain the objection. Let’s not get into that.
MR. BELANGER:
Okay, Judge.
MR. WILLIAMS:
But we’re asking for a mistrial, Judge, on that.
THE COURT:
Motion denied.
MR. WILLIAMS:
Please note our objection for the record.
La.C.Cr.P. art. 770(8) provides that a mistrial shall be ordered when the prosecutor makes a remark or comment during the trial or in argument, within the hearing of the jury, that refers directly or indirectly to the failure of the defendant to testify in his own defense.[5] The purpose behind Article 770(S)’s prohibition against prosecutorial comment is to protect the defendant’s Fifth Amendment right against self-incrimination by preventing attention being drawn directly or indirectly to the fact that the defendant has not testified on his own behalf.[6]
When the prosecutor directly refers to the defendant’s failure to take the stand, the defendant must be granted a mistrial if he requests one.[7] An indirect reference to the defendant’s failure to take the stand warrants a mistrial only when it is clear that the remark was intended to focus the jury’s attention on the defendant’s not testifying.[8]
During voir dire, the State may mention the defendant’s constitutional privilege against self-incrimination to the jurors, and then inquire into the weight | ¿jurors will give to the defendant’s testimony if he decides to testify.[9] In the instant case, we find that the prosecutor’s remark was not a comment on Searls’ failure to take the stand. In fact, the prosecutor did not mention Searls at all, but, rather, referred to “a witness.” Thus, it was certainly not a direct reference to Searls’ failure to testify. Further, it does not even appear to be an indirect reference since it does not seem that the remark was intended to focus the jury’s attention on his not testifying. Trial was only at the *1149 voir dire stage, at which point Searls had not yet elected whether or not to testify.[10]
For these reasons, we find that a mistrial was not warranted and that the trial court did not err in denying the defense’s request for a mistrial. This assignment of error has no merit.

MATTER DISMISSED

. State v. Searls, 04-790, p. 9 (La.App. 5 Cir. 1/25/05), 895 So.2d 40, 45, writs denied, 05-1343 (La.1/9/06), 918 So.2d 1041.

. Searls v. State, 08-1181 (La.App. 5 Cir. 3/1/11) (unpublished writ disposition).

. 08-1717 (La.10/3/08), 993 So.2d 203.

. State v. Searls, 12-KH-210 (La.App. 5 Cir. 3/6/12).

. State v. Packnett, 04-709, p. 11 (La.App. 5 Cir. 12/28/04), 892 So.2d 615, 622, writ denied, 05-0599 (La.6/3/05), 903 So.2d 455.

. Id. (citing State v. Mitchell, 00-1399 (La.2/21/01), 779 So.2d 698, 701).

. State v. Packnett, supra.

. Id.

. State v. Packnett, supra (citing State v. Shea, 421 So.2d 200 (La.1982), rev'd on other grounds, 470 U.S. 51, 105 S.Ct. 1065, 84 L.Ed.2d 38 (1985)).

. See, State v. Shed, 36,321, p. 9 (La.App. 2 Cir. 9/18/02), 828 So.2d 124, 130 writ denied sub nom. State ex rel. Shed v. State, 02-3123 (La.12/19/03), 861 So.2d 561.