This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      **No. 35,291**

**MANUEL SANCHEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Hector H. Balderas, Attorney General
Laura E. Horton, Assistant Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, LLC
Robert E. Tangora
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BOHNHOFF, Judge.**

{1}     Defendant Manuel Sanchez appeals his conviction of one count of felon in

possession of a firearm following a jury trial. *See* NMSA 1978, § 30-7-16(C)(2), (3) (2001). Defendant raises three issues on appeal: (1) whether the district court erred in allowing the prosecutor to comment on Defendant's right to remain silent during voir dire, (2) whether the district court erred in restricting Defendant's counsel from cross-examining a witness, and (3) that there was insufficient evidence to support Defendant's conviction. We affirm the district court with respect to the first issue, and we do not address the remaining two issues because the arguments are unclear and wholly undeveloped.

**BACKGROUND**

{2}    During voir dire, the prosecutor asked the potential jurors about Defendant's Fifth Amendment right to remain silent. She began by stating, "One of the rights that you have in the United States is the Fifth Amendment. Everyone heard about taking the Fifth? Okay. What that means when you're in the courtroom is—" At that point, defense counsel asked to approach the bench and a bench conference followed. During the bench conference, the prosecutor stated that she was going to ask whether the potential jurors would hold it against Defendant if he did not testify and whether they would give Defendant extra credit if he chose to testify. The defense attorney responded that he could ask that question, but the prosecutor could not, because if the prosecutor asked the question it would constitute comment on Defendant's right to

remain silent. The prosecutor insisted that she could get into the subjects she mentioned, and the district court agreed with her because the prosecutor wanted to ask whether the jury would hold it against Defendant if he did not testify. The district court pointed out that if the potential jurors say they will hold it against Defendant if he does not testify, "they're off [the jury]," implying that any juror answering the prosecutor's question in the affirmative would be excused for cause, which defense counsel then did not dispute.

{3}     The district court overruled defense counsel's objection, and the prosecutor continued with voir dire. The prosecutor then asked the following questions:

> So if you're accused of anything, whether it's a speeding ticket or something else, you have the right in the United States to not testify. Now I don't know what the Defendant is gonna do but he has that right. So I have two questions. The first question is—if he doesn't—if he decides to exercise his rights and not testify, is there anybody that's gonna hold that against him and make any kind of assumptions about why he's doing that? Okay, so that means you all are gonna follow what the law is in the United States, right? You take that? Okay, second question: if he decides to waive his right, and despite the fact that he doesn't have to testify, get up on the stand and testify, is there anybody who is going to say, "Well, you know, he didn't have to testify but he decided to testify so I'll kind of give him a little extra credit." Anybody gonna give him extra credit? Any teachers here? You know what I'm talking about, right? Okay, all right.

None of the potential jurors indicated that they would hold it against Defendant if he chose not to testify. Similarly, none of the potential jurors indicated that they would give Defendant extra credit for choosing to testify.

# DISCUSSION

## I. The District Court Did Not Err in Overruling Defendant's Objection to the Prosecutor's Comment on Defendant's Fifth Amendment Right to Remain Silent

### A. Standard of Review

**{4}** Defendant argues that while the prosecutor did not specifically and directly comment on Defendant's exercise of his right to remain silent, the prosecutor's general questions to the jury during voir dire constituted impermissible comment on Defendant's Fifth Amendment right to remain silent. When the facts are not in dispute, questions of constitutional law are reviewed de novo. *State v. Gutierrez*, 2007-NMSC-033, ¶ 10, 142 N.M. 1, 162 P.3d 156; *State v. DeGraff*, 2006-NMSC-011, ¶ 6, 139 N.M. 211, 131 P.3d 61. "Where a defendant has made a proper objection at trial, the appellate court determines whether the prosecution commented on the defendant's protected silence, and if so, reverses the conviction unless the State can demonstrate that the error was harmless beyond a reasonable doubt." *DeGraff*, 2006-NMSC-011, ¶ 22 (internal quotation marks and citation omitted).

### B. Basic Principles

**{5}** We recognize, as New Mexico courts have for decades, "the general rule forbidding a prosecutor from commenting on a defendant's silence or introducing evidence of silence." *State v. Foster*, 1998-NMCA-163, ¶ 9, 126 N.M. 177,

4

967 P.2d 852. Although there is no "rule of automatic reversal for every prosecutorial comment on silence," *Gutierrez*, 2007-NMSC-033, ¶ 19, "we have long held that prosecutorial comment on a defendant's *exercise* of his or her right to remain silent violates a defendant's rights under the Fifth Amendment to the [F]ederal Constitution, as applied to the states through the Fourteenth Amendment." *Id.* ¶ 11 (emphasis added). According to this Court in *Foster*, there are "three independent underpinnings for the general rule: (1) the constitutional privilege against self-incrimination, (2) constitutional due process, and (3) the rules of evidence barring irrelevant evidence, and evidence whose probative value is substantially outweighed by the danger of unfair prejudice." 1998-NMCA-163, ¶ 9 (citation omitted). The first of the underpinnings for the general rule, the constitutional privilege against self-incrimination, "prohibits the prosecutor from commenting on a defendant's failure to testify at trial." *Id*. ¶ 10; s*ee also DeGraff*, 2006-NMSC-011, ¶ 11 (stating that one of four time periods a defendant can either volunteer a statement or remain silent is at trial and the prosecution may not comment on a defendant's silence during any of the four time periods). That is, a defendant's choice not to testify during trial is protected by the Fifth Amendment. *DeGraff*, 2006-NMSC-011*,* ¶ 12.

**{6}** In *DeGraff*, our Supreme Court described the analysis for a claim that a prosecutor has commented on a defendant's right to remain silent: "We first consider

whether the prosecutor commented on [the d]efendant's silence, contrary to his constitutional rights. We then address whether and how [the d]efendant's silence was protected. Finally, we determine whether the comment should be characterized as fundamental error." *Id.* ¶ 7. To determine whether the prosecutor's comment on the defendant's silence violated the Fifth Amendment, "New Mexico courts . . . consider whether the language used was manifestly intended to be or was of such a character that the jury would naturally and necessarily take it to be a comment on the accused's *exercise* of his or her right to *remain silent.*" *Id.* ¶ 8 (emphases added) (internal quotation marks and citation omitted). *See also State v. Pacheco*, 2007-NMCA-140, ¶ 12, 142 N.M. 773, 170 P.3d 1011 (applying the same standard). However, consideration of the manifest intent of the comment does not end the inquiry. New Mexico courts must also consider the comment in context by determining "the manifest intention that prompted the remarks *as well as* the natural and necessary impact upon the jury." *DeGraff*, 2006-NMSC-011, ¶ 8 (emphasis added) (internal quotation marks and citation omitted).

**II.    The Prosecutor's First Question Was a Permissible Comment on Defendant's Right to Remain Silent; the Prosecutor's Second Question Was Not a Comment on Defendant's Right to Remain Silent**

{7}    In this case the prosecutor made two comments during voir dire that are relevant to our review: one comment concerned whether Defendant might *choose not to testify*,

6

and the second comment concerned whether Defendant might *choose to testify*, knowing that he had a choice *not* to testify. Our analysis is fact specific, and in this case, the wording of the prosecutor's questions is crucial to why we decide that the comments did not violate Defendant's Fifth Amendment right to remain silent.

{8}     In the prosecutor's first comment on Defendant's protected right to remain silent at trial, the prosecutor asked the potential jury members whether any of them would hold it against Defendant if Defendant chose not to testify. Specifically, the prosecutor said, "[I]f he decides to exercise his rights and not testify, is there anybody that's gonna hold that against him and make any kind of assumptions about why he's doing that? Okay, so that means you all are gonna follow what the law is in the United States, right?" This is the type of question a defense attorney could be expected to ask during voir dire, as the prosecutor pointed out during the bench conference. *See, e.g.*, *State v. Rackley*, 2000-NMCA-027, ¶¶ 10-11, 128 N.M. 761, 998 P.2d 1212 (discussing defense counsel's question during voir dire about juror attitudes regarding the constitutional right to remain silent in the context of examining juror bias). *See also State v. Chaddock*, 280 S.W.3d 164, 167-68 (Mo. Ct. App. 2009) (affirming trial court's denial of defense's motion for mistrial on abuse of discretion standard when prosecutor stated, "And so the burden of proof, and the fact that the [j]udge will instruct you that the [d]efense does not have to testify, and that you cannot find

any—you should not consider that against him, that's one of the [c]ourt's instructions that [it] will give you, is there anyone knowing that much now, is there anyone that thinks that you could not follow this [c]ourt's instructions and weigh them in light of the evidence? Understanding that you will be instructed in that regard.).

{9} It would appear, in the specific wording of the question that the prosecutor asked, that her manifest intent, if anything, was to protect Defendant. *See DeGraff*, 2006-NMSC-011, ¶ 8. It would be highly prejudicial to Defendant, rather than the State, if a juror held Defendant's choice *not* to testify against him. In that situation, Defendant would feel pressure to testify, as opposed to exercising his Fifth Amendment right to remain silent. Although the prosecutor's question was a comment on Defendant's right to remain silent, it was a question that would assist Defendant during voir dire and to ensure the selection of a fair jury, as opposed to being a question intended to select a jury that was already prejudiced against Defendant. The natural and necessary impact of this comment upon the jury would be to *not* hold Defendant's silence against him, as opposed to encouraging the jurors to hold Defendant's silence against him. *See id.* ¶ 8 ("We evaluate the statement in context to determine the manifest intention that prompted the remarks as well as the natural and necessary impact upon the jury." (internal quotation marks and citation omitted)).

{10} In the prosecutor's second comment, the prosecutor asked the potential jury

8

members during voir dire whether any of them would give Defendant "extra credit" if he chose *to* testify, despite also having the choice not to testify. This arguably was an indirect comment about Defendant's privilege not to testify—in other words, his silence—but is a direct comment about Defendant's potential choice *to* testify. Again, Defendant's silence during trial is protected, and comment on his silence is generally not allowed; the same is not true of comment on Defendant's choice to testify. *See Gutierrez*, 2007-NMSC-033, ¶ 19. However, again, we engage in fact-specific analysis to determine the manifest intent of the comment and the natural and necessary impact upon the jury of the comment. *See DeGraff*, 2006-NMSC-011, ¶ 8. Here, the prosecutor asked the question to determine whether anyone in the group would be biased *in favor* of Defendant if Defendant testified, knowing that Defendant did not have to testify. Again, we find that this question was intended to ensure that a fair, impartial jury was impaneled. Simply asking whether potential members of the jury would give Defendant *additional* credibility if he testified would not naturally and necessarily cause the jury to think about whether they would *not* give Defendant additional credibility if he did *not* testify. *See State v. Searls*, 106 So. 3d 1146, 1148 (La. Ct. App. 2012) ("During voir dire, the [s]tate may mention the defendant's constitutional privilege against self-incrimination to the jurors, and then inquire into the weight jurors will give to the defendant's testimony if he decides to testify.").

9

{11}    We therefore affirm the district court and conclude that the court did not err in permitting the prosecutor to question the potential jurors about whether they would hold it against Defendant if he did not testify, and about whether they would give Defendant more credibility if he chose to testify.

**III.    Remaining Issues**

{12}    The remaining issues that Defendant raises on appeal, whether the district court erred in restricting defense counsel from cross examining a witness and that there was insufficient evidence to support Defendant's conviction, were inadequately briefed and thus will not be considered by this Court.

{13}    With respect to whether defense counsel was impermissibly restricted from cross-examining a witness, Defendant's brief in chief does not even specify which witness the argument concerns. Nor does Defendant mention which questions were asked of the witness, whether the State objected to defense counsel's questions in order to preserve any error, and what the district court's ruling was upon such an objection.

{14}    With respect to Defendant's sufficiency argument, Defendant argues only that this Court cannot affirm Defendant's guilt "because the evidence of his intent to commit the crime was insufficient." Defendant does not review the State's evidence that was presented at trial regarding his intent, and Defendant does not explain why

10

that evidence was insufficient.

**{15}** Appellate courts are under no obligation to review unclear or undeveloped arguments. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031; *State v. Clifford*, 1994-NMSC-048, ¶ 19, 117 N.M. 508, 873 P.2d 254 (reminding counsel that the appellate courts are not required to do their research for them); *see also* Rule 12-213(A)(3) NMRA (2015, current version at Rule 12-318 NMRA) ("A contention that a verdict, judgment or finding of fact is not supported by substantial evidence shall be deemed waived unless the summary of proceedings includes the substance of the evidence bearing upon the proposition[.]"). "[T]his Court's policy is to refrain from reviewing unclear or undeveloped arguments [that] require us to guess at what [a party's] arguments might be"; thus, we decline to review these undeveloped arguments. *State v. Urioste*, 2011-NMCA-121, ¶ 29, 267 P.3d 820 (internal quotation marks and citation omitted).

**CONCLUSION**

**{16}** We affirm the district court's ruling that the prosecutor's comments during voir dire did not violate Defendant's Fifth Amendment rights.

{17}    **IT IS SO ORDERED.**


_____
**HENRY M. BOHNHOFF, Judge**


**WE CONCUR:**



_____
**LINDA M. VANZI, Chief Judge**



_____
**M. MONICA ZAMORA, Judge**